**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| DR. MARY LOUISE SERAFINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:11-CV-01018 |
| TIM F. BRANAMAN, Chairman, Texas State Board | ) | |
| of Examiners of Psychologists, in his official | ) | |
| capacity; and SHERRY L. LEE, Executive Director, | ) | |
| Texas State Board of Examiners of Psychologists, | ) | |
| in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Dr. Mary Louise Serafine, by and through her undersigned attorneys, hereby

files this Complaint against Defendants and alleges as follows:

**NATURE OF THE CLAIMS**

1.      This civil rights lawsuit seeks to vindicate Dr. Serafine's right to earn an honest

living and to communicate truthfully about her credentials in a political, commercial, and social

context.  Those rights have been violated by Defendants' enforcement of licensing laws that

unconstitutionally infringe upon Dr. Serafine's political speech, the practice of her profession,

her ability to advertise her services, and her ability to describe her education and expertise in any

context.

**JURISDICTION AND VENUE**

2.      Dr. Serafine brings this civil rights lawsuit pursuant to the First and Fourteenth

Amendments to the United States Constitution, the Civil Rights Act of 1871, codified at 42

U.S.C. § 1983, and the Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201, 2202.  Dr. Serafine seeks injunctive and declaratory relief against the enforcement of Texas's psychology licensure laws—Texas Occupations Code, Chapter 501, and Texas Administrative Code, Title 22, Part 21.  The enforcement of these laws by Defendants violates Dr. Serafine's constitutional rights, facially, and as applied, to earn an honest living and to speak truthfully about her credentials in a political, commercial, and any other context.

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because it is the "judicial district where any defendant resides," and "in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. §§ 1391(b), 124(d)(1).

## PARTIES

5.      Plaintiff, Dr. Mary Louise Serafine, is a citizen of the State of Texas.

6.      Dr. Serafine is a psychologist by virtue of her training, experience, and published research.

7.      In addition, Dr. Serafine has been listed as a psychologist in *Who's Who in America*, *Who's Who of American Women*, and in other publications.

8.      Dr. Serafine is proud of her contribution to psychology and of her identity as a psychologist.

9.      Dr. Serafine does not hold a psychology license from Texas or any other state.

10.      In 1975, Dr. Serafine received her Ph.D. in education at the University of Florida. While working on her degree, from 1970 to 1975, and for a semester thereafter as a faculty member, Dr. Serafine taught undergraduate students at the University of Florida's College of Education, in a program designed by internationally-renowned psychologist Arthur Combs.  The

program, based on Rogerian principles, emphasized the development of students' personal growth through intensive small-group seminars and one-on-one work with faculty members. It was in this program, initially under faculty supervision, that Dr. Serafine learned the techniques that, today, along with her expertise in several sub-disciplines of psychology, form the basis of her work as a small-group leader and a leader of one-on-one sessions with individuals.

11.    Dr. Serafine's research for her Ph.D. dissertation was published in the series *Genetic Psychology Monographs*, and her subsequent research over the next decade was published in the *Journal of Memory and Language*, *Cognition—International Journal of Cognitive Psychology*, the *Journal of Genetic Psychology*, and the *Journal of Creative Behavior*, among others. These are established journals in the field of psychology. In addition, Dr. Serafine's book on the psychology of music, *Music As Cognition: The Development of Thought in Sound*, was published by Columbia University Press in 1988. Dr. Serafine's published work continues to be read, discussed, and cited internationally.

12.    From 1979 to 1983, Dr. Serafine completed four years of postdoctoral training in psychology at Yale University. During that time, Dr. Serafine also served part-time on the Yale psychology faculty, and from 1983 to 1988, she served as a full time faculty member in the psychology department at Vassar College. In these teaching appointments, Dr. Serafine taught a broad range of psychology courses, including social development, cognitive development, developmental psychology, research methods in psychology, the psychology of music, and the general survey course in psychology. She was also responsible for supervising several undergraduate theses in psychology.

13.    Dr. Serafine has previously been accepted as a member of the American Psychological Association and the American Counseling Association.

3

14.     Dr. Serafine recently served on a tenure review committee for Chapman University providing expertise regarding the psychology of music.

15.     Dr. Serafine is also a licensed attorney.  From 1988 to 1991, Dr. Serafine attended Yale Law School.

16.     After graduation from Yale Law School, Dr. Serafine practiced generally in litigation, focusing, *inter alia*, on mass torts, bankruptcy, and employment law.  She is presently licensed to practice law in Texas, New York, California, and the District of Columbia.

17.     Dr. Serafine lives in Austin, Texas.  She has not taken the examination or satisfied other regulatory requirements to become a "licensed" psychologist in the State of Texas.

18.     Consistent with her experience, Dr. Serafine had, until the early part of 2010, conducted small-group seminars, aimed at personal growth, to people adapting to divorce, singleness, and new mid-life relationships.   She also offered one-on-one sessions to those seminar participants.

19.     Dr. Serafine postponed plans to expand her seminars and one-on-one sessions in order to run for elected office in 2010.  She intends to continue these seminars and one-on-one sessions but is prevented from doing so by Defendants' actions.

20.     Defendant, Tim F. Branaman, is the Chairman of the Texas State Board of Examiners of Psychologists, and, in that position, presides over the Board.  Texas Occupations Code § 501.057.  The Board's stated mission is: "to protect the public by ensuring that psychological services are provided to the people of Texas by qualified and competent practitioners who adhere to established professional standards."  *See* What is the Board of Examiners of Psychologists?, *available at*  http://www.tsbep.state.tx.us/what-is-the-board-of-examiners-of-psychologists.

21.     Defendant, Sherry L. Lee, is the Executive Director of the Texas State Board of Examiners of Psychologists.  In that capacity, Ms. Lee is responsible for administering the rules and regulations pertaining to the practice of psychology, Texas Occupations Code §§ 501.101, 501.102, 501.453, and for signing each psychology license.  *Id*. § 501.261(b).

## FACTUAL ALLEGATIONS

### I.     POLITICAL SPEECH

22.     In 2010, Dr. Serafine was the Republican nominee for Texas Senate in District 14 in Travis County.

23.     To be placed on the ballot, Dr. Serafine was required to fill out a form with the Texas Secretary of State on which she listed "attorney and psychologist" as her occupation.

24.     Accordingly, on her political website, http://www.serafineforsenate.com, Dr. Serafine was described as an "Austin attorney and psychologist."

25.     On September 15, 2010, by certified mail, the Texas State Board of Examiners of Psychologists sent Dr. Serafine a letter concerning Texas State Board of Examiners of Psychologists case number 10-123-9999.  *See* Attachment A.  Enclosed with the letter was a formal complaint against Dr. Serafine signed by Defendant Lee in which Defendant Lee complained about Dr. Serafine's use of the word "psychologist" on her political website.  *Id*. The letter "**ORDERED**" Dr. Serafine "to immediately **CEASE AND DESIST** from using the title 'psychologist' or offering or providing psychological services in the State of Texas."  *Id*. (emphasis in original).  Due to Dr. Serafine's busy campaign schedule, she did not pick up this certified letter before its return date.

26.     As a result, on September 28, 2010, the Texas State Board of Examiners of Psychologists sent Dr. Serafine a second letter concerning Texas State Board of Examiners of

5

Psychologists case number 10-123-9999.  *See* Attachment B.  Enclosed with the September 28, 2010, letter was the September 15, 2010, letter and its enclosures.  The September 28, 2010, letter, which was received by Dr. Serafine shortly after it was sent, provided that: "**Failure to comply with this letter within thirty (30) days will result in legal action being taken against you.**"  *Id*. (emphasis in original).

27.     On January 4, 2011, Joe H. Thrash, Assistant Attorney General, on behalf of Greg Abbott, Attorney General of Texas, sent Dr. Serafine a third letter, also threatening potential litigation over her use of the term "psychologist" in public records.  *See* Attachment C.

28.     According to Defendants, Dr. Serafine's use of the word "psychologist" on her political website and in public records related to her candidacy violates Texas Occupations Code Chapter 501.  *See* Attachments A, C.

29.     Section 501.251 of the Occupations Code provides:  "A person may not engage in or represent that the person is engaged in the practice of psychology unless the person is licensed under this chapter . . . ."

30.     Section 501.002(5) of the Occupations Code defines "psychologist" as "a person who holds a license to engage in the practice of psychology."

31.     Section 501.003(b) of the Occupations Code provides that "A person is engaged in the practice of psychology within the meaning of this chapter if the person . . . represents the person to the public by a title or description of services that includes the word 'psychological,' 'psychologist,' or 'psychology.'"

32.     Section 501.003(c) of the Occupations Code defines the practice of psychology thusly:

The practice of psychology:

6

(1)     includes providing or offering to provide services to an individual or group, including providing computerized procedures, that include the application of established principles, methods, and procedures of describing, explaining, and ameliorating behavior;

(2)     addresses normal behavior and involves evaluating, preventing, and remediating psychological, emotional, mental, interpersonal, learning, and behavioral disorders of individuals or groups, as well as the psychological disorders that accompany medical problems, organizational structures, stress, and health;

(3)     includes:

(A)     using projective techniques, neuropsychological testing, counseling, career counseling, psychotherapy, hypnosis for health care purposes, hypnotherapy, and biofeedback; and

(B)     evaluating and treating mental or emotional disorders and disabilities by psychological techniques and procedures; and

(4)     is based on:

(A)     a systematic body of knowledge and principles acquired in an organized program of graduate study; and

(B)     the standards of ethics established by the profession.

33.     Hoping to avoid legal action being taken against her, Dr. Serafine removed the term "psychologist" from all pages of her political website, which is still fully functional and maintained in an ongoing effort to inform voters of her qualifications for elected office. *See* http://www.serafineforsenate.com.

34.     Although Dr. Serafine was not elected in 2010, she intends to run again for elected office in 2012 and/or 2014. As a result, she maintains a campaign finance account with the Texas Ethics Commission for the purposes of reporting current and future expenditures and contributions, and she continues to file required campaign finance reports.

35.     Dr. Serafine believes that the word "psychologist" accurately describes her work, background, and experience to voters, and does so better than any other word.  However, she has not, and will not, insinuate that she is a "licensed" psychologist.

36.     The communication between Dr. Serafine and potential voters is protected by the First and Fourteenth Amendments.

37.     Given Defendants' previous threats of prosecution, Dr. Serafine has a credible fear of arrest, prosecution, incarceration, and/or fine if she were to accurately describe her work and her background to voters by using the term "psychologist."

38.     As a result, Dr. Serafine's ability to engage in protected political speech is prohibited and/or chilled by Texas's licensure laws, and by the Texas State Board of Examiners of Psychologists' enforcement of those laws, including the September 15, 2010, September 28, 2010, and January 4, 2011, letters.

## II.     SPEECH INVOLVED IN THE PRACTICE OF PSYCHOLOGY

39.     Dr. Serafine intends to engage in the practice of psychology, dealing with issues such as divorce, singleness, and new mid-life relationships, among others.

40.     Dr. Serafine's practice of psychology consists of communication between clients and Dr. Serafine.

41.     The communication between Dr. Serafine and her clients is protected by the First and Fourteenth Amendments.

42.     The September 15, 2010, letter to Dr. Serafine provides that she is "**ORDERED** to immediately **CEASE AND DESIST** from . . . offering . . . psychological services in the State of Texas."  Attachment A (emphasis in original).

43.     Given Defendants' threats of prosecution, Dr. Serafine has a credible fear of arrest, prosecution, incarceration, and/or fine if she were to engage in the practice of psychology.

44.     As a result, Dr. Serafine's ability to engage in communication with clients is prohibited and/or chilled by Texas's licensure laws, and by the Texas State Board of Examiners of Psychologists' enforcement of those laws, including the September 15, 2010, September 28, 2010, and January 4, 2011, letters.

## III.    COMMERCIAL SPEECH

45.     Dr. Serafine intends to use the term "psychologist" to truthfully and accurately describe her skills, experience, and services in advertisements to potential clients.

46.     Such commercial speech is protected by the First and Fourteenth Amendments.

47.     Given Defendants' previous threats of prosecution, Dr. Serafine has a credible fear of arrest, prosecution, incarceration, and/or fine if she were to accurately describe her work and her background to potential customers by using the term "psychologist."

48.     As a result, Dr. Serafine's ability to advertise her work is prohibited and/or chilled by Texas's licensure laws, and by the Texas State Board of Examiners of Psychologists' enforcement of those laws, including the September 15, 2010, September 28, 2010, and January 4, 2011, letters.

## IV.    SOCIAL SPEECH

49.     Dr. Serafine regularly engages in communication of a purely social and noncommercial nature.

50.     Dr. Serafine intends to use the phrase "psychologist" to truthfully and accurately describe herself to others in a social setting.

51.     Such social speech is protected by the First and Fourteenth Amendments.

52.     Given Defendants' previous threats of prosecution, Dr. Serafine has a credible fear of arrest, prosecution, incarceration, and/or fine if she were to accurately describe herself as a psychologist to others in a social setting.

53.     As a result, Dr. Serafine's ability to describe herself in a social setting is prohibited and/or chilled by Texas's licensure laws, and by the Texas State Board of Examiners of Psychologists' enforcement of those laws, including the September 15, 2010, September 28, 2010, and January 4, 2011, letters.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Political Speech)
### (First and Fourteenth Amendments)

54.     Dr. Serafine realleges and incorporates by reference each and every allegation set forth above.

55.     "Content-based regulations [on speech] are presumptively invalid" under the First Amendment. *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382 (1992). A statute which "licenses a profession" is not "devoid of all First Amendment implication." *Riley v. Nat'l Fed'n of the Blind of N. Carolina, Inc.*, 487 U.S. 781, 801 n.13 (1988).

56.     As the Supreme Court has explained:

> Discussion of public issues and debate on the qualifications of candidates are integral to the operation of the system of government established by our Constitution. The First Amendment affords the broadest protection to such political expression in order to assure [the] unfettered interchange of ideas for the bringing about of political and social changes desired by the people. Although First Amendment protections are not confined to the exposition of ideas there is practically universal agreement that a major purpose of that Amendment was to protect the free discussion of governmental affairs . . . of course includ[ing] discussions of candidates. This no more than reflects our profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open[.] In a republic where the people are sovereign, the ability of the citizenry to make informed choices among candidates for office is essential, for the identities of those who are elected will inevitably shape the course that we follow as a nation. As the Court observed in *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 272, 91 S.Ct. 621, 625, 28 L.Ed.2d 35 (1971), "it can hardly be doubted that the constitutional guarantee has its fullest and most urgent application precisely to the conduct of campaigns for political office."

*Buckley v. Valeo*, 424 U.S. 1, 14–15 (1976) (some internal quotations and citations omitted).

57.     Therefore, "[l]aws that burden political speech are subject to strict scrutiny, which requires the Government to prove that the restriction furthers a compelling interest and is

narrowly tailored to achieve that interest." *Citizens United v. Fed. Election Comm'n*, ___U.S.___, 130 S. Ct. 876, 898 (2010); *Buckley v. Valeo*, 424 U.S. 1, 14–15 (1976).

58.     The discussion of Dr. Serafine's qualifications on her political website is core political speech, protected by the First and Fourteenth Amendments.

59.     The purpose of Texas's psychology licensing laws has been described as "to protect the public from unqualified practitioners in the field of psychology." *Bloom v. Texas State Bd. of Examiners of Psychologists*, 475 S.W.2d 374, 377 (Tex. Civ. App. 1972) *rev'd on other grounds*, 492 S.W.2d 460 (Tex. 1973).

60.     This interest is not compelling because people are not in imminent danger of injury from unlicensed psychologists.

61.     The restriction is not narrowly tailored because it "burden[s] substantially more speech than is necessary to further the government's legitimate interests." *Ward v. Rock Against Racism*, 491 U.S. 781, 798 (1989).

62.     On her political website, Dr. Serafine uses the term "psychologist" to accurately inform the voters about her education, background, work experience, and political qualifications.

63.     Assuming Dr. Serafine's truthful campaign speech falls within the purview of the Texas regulatory scheme, the regulatory scheme is not narrowly tailored to protect the public from unqualified psychologists. *Byrum v. Landreth*, 566 F.3d 442, 448 (5th Cir. 2009) (even under intermediate scrutiny, a regulation is invalid if it "prohibits significant truthful speech").

64.     Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, as applied to Dr. Serafine's political speech are in violation of the First and Fourteenth Amendments.

65.     Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, as applied to Dr. Serafine's political speech, demonstrate that Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the First and Fourteenth Amendments, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983.

66.     Dr. Serafine has no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing irreparable harm to her constitutional rights.

67.     Dr. Serafine is therefore entitled to declaratory and permanent injunctive relief. *See* 28 U.S.C. §§ 2201, 2202.

## SECOND CLAIM FOR RELIEF
### (Vagueness)
### (Fourteenth Amendment)

68.     Dr. Serafine realleges and incorporates by reference each and every allegation set forth above.

69.     Under the Due Process Clause of the Fourteenth Amendment, a law is void for vagueness if:

> [T]he terms of a statute are so indefinite that "men of common intelligence must necessarily guess at its meaning and differ as to its application."  *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 127, 70 L. Ed. 322 (1926); *see also Hynes v. Mayor and Council of Borough of Oradell*, 425 U.S. 610, 620, 96 S.Ct. 1755, 1760, 48 L.Ed.2d 243 (1976).  This standard is applied even more strictly to statutes that inhibit free speech because of the value our society places on the free dissemination of ideas.  *Id*. at 620, 96 S. Ct. at 1760.

*Reeves v. McConn*, 631 F.2d 377, 383 (5th Cir. 1980).

70.   The Texas regulatory scheme generally prohibits anyone who is not a licensed psychologist from engaging in the practice of psychology, or describing oneself as a psychologist.  Texas Occupations Code §§ 501.251, 501.003(c).

71.   The definition of the "practice of psychology" contained in Texas Occupations Code § 501.003(c) does not specify what conduct cannot be engaged in without a license.  The regulation describes, in general terms, what is *included* within the definition of psychology, but the definition is not an exhaustive list of everything that could fall within the definition of psychology.

72.   Section 501.003(c) of the Texas Occupations Code is therefore void for vagueness.  *See Trimble v. City of New Iberia*, 73 F. Supp. 2d 659, 662, 668 (W.D. La. 1999) (law regulating speech was void for vagueness because it did not specify exactly what was prohibited; the law regulated "fortune-telling, palmistry, reading futures and the like").

73.   By failing to provide a person of ordinary intelligence fair notice of what is prohibited by Texas Occupations Code §§ 501.251, 501.003(c), Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of due process of law, in violation of the Fourteenth Amendment.

74.   Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, facially, and as applied to Dr. Serafine, demonstrate that Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the Fourteenth Amendment, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983.

75.     Dr. Serafine has no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing irreparable harm to her constitutional rights.

76.     Dr. Serafine is therefore entitled to declaratory and permanent injunctive relief. *See* 28 U.S.C. §§ 2201, 2202.

### THIRD CLAIM FOR RELIEF
### (Overbreadth)
### (First and Fourteenth Amendments)

77.     Dr. Serafine realleges and incorporates by reference each and every allegation set forth above.

78.     In the context of the First Amendment, a law is void if it is overbroad. *United States v. Salerno,* 481 U.S. 739, 745 (1987). The test for overbreadth is as follows:

> The showing that a law punishes a substantial amount of protected free speech, judged in relation to the statute's plainly legitimate sweep, suffices to invalidate *all* enforcement of that law, until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression.

*Virginia v. Hicks*, 539 U.S. 113, 118–19 (2003) (internal quotations omitted).

79.     The Texas Occupations Code § 501.003(c) defines psychology in broad language that "includes" numerous types of actions in the definition—including many actions not typically associated with or exclusive to the field of psychology.

80.     Whether currently enforced or not, based on this definition, the statute requires a psychology license for the work of K-12 teachers, athletic coaches, and management consultants since each of these occupations fall within the legal definition of "psychology," and because none of them fit within the exceptions listed in Texas Occupations Code § 501.004(b).

81.     It is impossible for Dr. Serafine to separate her professional ethics and extensive graduate training from the rest of her life experiences. For example, given her extensive

education, background, and work experiences in psychology and the requirements of Texas Occupations Code § 501.003(c), Dr. Serafine would need a psychology license to advise a friend over drinks, provide emotional support to her own relative, and to engage in virtually any other form of communication.

82.     Moreover, Texas Occupations Code §§ 501.251, 501.002(5), 501.003(b) and 501.004(a)(3)(B) prohibit Dr. Serafine from representing herself as a psychologist in any context.   Thus, Dr. Serafine would need a psychology license to describe herself as a psychologist at a party, with her neighbors, and in any other social setting.

83.     Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions are, therefore, unconstitutionally overbroad, and violate Dr. Serafine's First and Fourteenth Amendment rights because they regulate various activities that have nothing to do with protecting the public from unqualified practitioners in the field of psychology.  *Bloom*, 475 S.W.2d at 377.

84.     By regulating far more speech than is necessary to accomplish its goal, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of her First and Fourteenth Amendment rights.

85.     Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, facially, and as applied to Dr. Serafine, demonstrate that Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the First and Fourteenth Amendments, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983.

86.     Dr. Serafine has no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing irreparable harm to her constitutional rights.

87.     Dr. Serafine is therefore entitled to declaratory and permanent injunctive relief. *See* 28 U.S.C. §§ 2201, 2202.

### FOURTH CLAIM FOR RELIEF
### (Prior Restraint on the Practice of Psychology)
### (First and Fourteenth Amendments)

88.     Dr. Serafine realleges and incorporates by reference each and every allegation set forth above.

89.     "[P]rior restraints on speech and publication are the most serious and least tolerable infringement on First Amendment rights."  *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).

90.      "[E]xpert advice or assistance" is a form of speech that is protected under the First Amendment.  *Holder v. Humanitarian Law Project*, ___U.S.___, 130 S. Ct. 2705, 2723–24 (2010).

91.     Texas Occupations Code, Chapter 501, and Texas Administrative Code, Title 22, Part 21, require individuals to obtain a license to practice psychology in Texas.

92.     Indeed, the September 15, 2010, letter from Defendant Lee to Dr. Serafine provides that she is "**ORDERED** to immediately **CEASE AND DESIST** from . . . offering . . . psychological services in the State of Texas."  Attachment A (emphasis in original).

93.     Regulations that require licensure as a precondition for engaging in speech may be unconstitutional.  Such prior restraints are constitutional "only if the government can establish that the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest." *United States v. Brown*, 218 F.3d 415, 425 (5th Cir.

2000) (internal quotation omitted); *see also Watchtower Bible and Tract Society of New York, Inc. v. Village of Stratton*, 536 U.S. 150, 165 (2002) (for licensure requirements that regulate speech to be constitutional, the court must look at "the amount of speech covered by the [law] and whether there is an appropriate balance between the affected speech and the governmental interests that the [law] purports to serve.").

94.    Broad licensure requirements that regulate speech are:

[O]ffensive—not only to the values protected by the First Amendment, but to the very notion of a free society—that in the context of everyday public discourse a citizen must first inform the government of her desire to speak to her neighbors and then obtain a permit to do so.  Even if the issuance of permits by the mayor's office is a ministerial task that is performed promptly and at no cost to the applicant, a law requiring a permit to engage in such speech constitutes a dramatic departure from our national heritage and constitutional tradition.

*Id*. at 165–66.  As a result, if there are less restrictive means for achieving the government's important interests, the licensing regulation is unconstitutional.  *Id*. at 168–69.

95.    The purpose of Texas's psychology licensing laws has been described as: "to protect the public from unqualified practitioners in the field of psychology."  *Bloom v. Texas State Bd. of Examiners of Psychologists*, 475 S.W.2d 374, 377 (Tex. Civ. App. 1972) *rev'd on other grounds*, 492 S.W.2d 460 (Tex. 1973).

96.    This described purpose is unrelated to any clear and present danger or a serious and imminent threat.

97.    This described purpose is not narrowly tailored because it "burden[s] substantially more speech than is necessary."  *Ward*, 491 U.S. at 798.

98.    Dr. Serafine's psychology practice would consist exclusively of speech and communication.

99.     The Texas regulations that prohibit the unlicensed practice of psychology necessarily create a prior restraint upon Dr. Serafine's speech.

100.     By prohibiting Dr. Serafine from engaging in speech with her clients, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine her freedom of speech, in violation of the First and Fourteenth Amendments.

101.     Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, as applied to Dr. Serafine, demonstrate that Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the First and Fourteenth Amendments, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983.

102.     Dr. Serafine has no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing irreparable harm to her constitutional rights.

103.     Dr. Serafine is therefore entitled to declaratory and permanent injunctive relief. *See* 28 U.S.C. §§ 2201, 2202.

### FIFTH CLAIM FOR RELIEF
### (Commercial Speech)
### (First and Fourteenth Amendments)

104.     Dr. Serafine realleges and incorporates by reference each and every allegation set forth above.

105.     The discussion of Dr. Serafine's qualifications in her business advertisements is core commercial speech, protected by the First and Fourteenth Amendments.

106.     Because a "consumer's concern for the free flow of commercial speech often may be far keener than his concern for urgent political dialogue," regulations of commercial speech receive heightened scrutiny.  *Sorrell v. IMS Health Inc.*, ___U.S.___, 131 S. Ct. 2653, 2664 (2011) (internal quotation omitted).  Thus, "[u]nder a commercial speech inquiry, it is the State's burden to justify its content-based law as consistent with the First Amendment."  *Id*. at 2667.

107.     In the government's attempt to justify burdens on commercial speech, courts must be mindful that "[t]hose who seek to censor or burden free expression often assert that disfavored speech has adverse effects.  But the fear that people would make bad decisions if given truthful information" cannot justify content-based burdens on commercial speech.  *Id.* at 2670–71. (internal quotation omitted).

108.     Likewise, "[t]he First Amendment directs [courts] to be especially skeptical of regulations that seek to keep people in the dark for what the government perceives to be their own good."  *Id*. at 2671 (internal quotation omitted).

109.     Texas Occupations Code §§ 501.251, 501.002(5), 501.003(b) and 501.004(a)(3)(B) prohibit Dr. Serafine from representing herself as a psychologist in advertisements for her services.

110.     Even if Dr. Serafine's psychology practice were permitted under her law license, *see* Texas Occupations Code §§ 501.004(a)(3), 501.004(b)(2), 502.002(6), 502.004(3), she could not represent that she is a psychologist or use the term "psychological" in advertisements for her services.  Texas Occupations Code § 501.004(a)(3)(B).

111.     Dr. Serafine intends to truthfully represent herself as a psychologist in advertisements, because that most accurately describes her background and the services she provides.

112.   By prohibiting Dr. Serafine from truthfully advertising her services to potential clients, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of her freedom of speech, in violation of the First and Fourteenth Amendments.

113.   Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, as applied to Dr. Serafine's commercial speech, demonstrate that Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the First and Fourteenth Amendments, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983.

114.   Dr. Serafine has no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing irreparable harm to her constitutional rights.

115.   Dr. Serafine is therefore entitled to declaratory and permanent injunctive relief. *See* 28 U.S.C. §§ 2201, 2202.

### SIXTH CLAIM FOR RELIEF
#### (Equal Protection)
#### (Fourteenth Amendment)

116.   Dr. Serafine realleges and incorporates by reference each and every allegation set forth above.

117.   "[T]he Fourteenth Amendment, ratified in 1868, introduced the constitutional requirement of equal protection, prohibiting the States from acting arbitrarily or treating similarly situated persons differently . . . ." *W. & S. Life Ins. Co. v. State Bd. of Equalization of California*, 451 U.S. 648, 660 (1981).

118.    Both licensed attorneys, such as Dr. Serafine, and licensed psychologists are permitted to engage in the practice of psychology.  Texas Occupations Code §§ 501.004(a)(3), 501.004(b)(2), 502.002(6), 502.004(3).

119.    Attorneys, however, are prohibited from representing that they are engaged in the practice of psychology.  *See* Texas Occupations Code § 501.004(a)(3)(B).

120.    Arbitrarily preventing licensed attorneys, such as Dr. Serafine, from making truthful representations about the practice of psychology, while allowing other similarly situated licensed psychologists to make those same representations denies equal protection of the laws to those whose speech is censored.

121.    Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, therefore, violate Dr. Serafine's right to equal protection of the laws, guaranteed by the Fourteenth Amendment.

122.    Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, as applied to Dr. Serafine, demonstrate that Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the Fourteenth Amendment, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983.

123.    Dr. Serafine has no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing irreparable harm to her constitutional rights.

124.    Dr. Serafine is therefore entitled to declaratory and permanent injunctive relief. *See* 28 U.S.C. §§ 2201, 2202.

**SEVENTH CLAIM FOR RELIEF**
**(Right To Earn A Living)**
**(Fourteenth Amendment)**

125.    Dr. Serafine realleges and incorporates by reference each and every allegation set forth above.

126.    The Due Process Clause of the Fourteenth Amendment protects people's right to earn a living in the occupation of their choice, subject only to reasonable government regulation.

127.    The Privileges or Immunities Clause of the Fourteenth Amendment protects citizens' right to earn a living in the occupation of their choice subject only to reasonable government regulation.

128.    The Texas psychology licensure scheme violates these rights because the scheme is arbitrary, unreasonable, and unrelated to the advancement of any legitimate government interest.

129.    By prohibiting Dr. Serafine from engaging in her chosen profession, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of the right to earn a living, in violation of the First and Fourteenth Amendments.

130.    Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, as applied to Dr. Serafine, demonstrate that Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the Fourteenth Amendment, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983.

131.    Dr. Serafine has no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing irreparable harm to her constitutional rights.

132.    Dr. Serafine is therefore entitled to declaratory and permanent injunctive relief. *See* 28 U.S.C. §§ 2201, 2202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dr. Mary Louise Serafine, respectfully requests the following relief:

1.    Entry of judgment declaring that Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, as applied to Dr. Serafine's political speech, demonstrate that Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the First and Fourteenth Amendments, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983;

2.    Entry of judgment declaring that Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, facially, and as applied to Dr. Serafine, demonstrate that Defendants currently maintain and actively enforce a vague set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the Fourteenth Amendment, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983;

3.    Entry of judgment declaring that Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, facially, and as applied to Dr. Serafine, demonstrate that Defendants currently

maintain and actively enforce an overbroad set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the First and Fourteenth Amendments, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983;

4.      Entry of judgment declaring that Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, as applied to Dr. Serafine's practice of psychology, demonstrate that Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the First and Fourteenth Amendments, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983;

5.      Entry of judgment declaring that Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, as applied to Dr. Serafine's commercial speech, demonstrate that Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the First and Fourteenth Amendments, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983;

6.      Entry of judgment declaring that Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, as applied to Dr. Serafine, demonstrate that Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the Equal Protection

Clause of the Fourteenth Amendment, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983;

7.      Entry of judgment declaring that Texas Occupations Code, Chapter 501, Texas Administrative Code, Title 22, Part 21, and the practices and policies of Defendants enforcing those provisions, as applied to Dr. Serafine's right to earn a living, demonstrate that Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Dr. Serafine of rights, privileges and/or immunities secured by the Fourteenth Amendment, and, therefore, Defendants are liable to Dr. Serafine under 42 U.S.C. § 1983;

8.      Entry of preliminary and permanent injunctions against Defendants and their agents and/or employees prohibiting enforcement of the challenged laws, regulations, and policies;

9.      Award Dr. Serafine her costs, expenses, and attorneys' fees in accordance with law, including 42 U.S.C. § 1988;

10.     Award Dr. Serafine such further relief as is just and equitable.

DATED this 22nd day of November 2011.

Respectfully Submitted by:

/s/ John R. Hays, Jr.
John R. Hays, Jr., Esq. (Texas Bar No. 09303300)
Hays & Owens, LLP
807 Brazos Street
Suite 500
Austin, Texas 78701
Phone:  512-472-3993
Fax:  512-472-3883
john.hays@haysowens.com

Joel M. Spector, Esq., *pro hac vice motion pending*
James M. Manley, Esq., *pro hac vice motion pending*
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
Phone: (303) 292-2021
Fax: (303) 292-1980
jspector@mountainstateslegal.com
jmanley@mountainstateslegal.com

Attorneys for Plaintiff

# **Attachment A**

# TEXAS STATE BOARD OF EXAMINERS OF PSYCHOLOGISTS

**EXECUTIVE DIRECTOR**
Sherry L. Lee



September 15, 2010

**MEMBERS OF THE BOARD**

Tim F. Branaman, Ph.D.
Chair
Dallas

Lou Ann Todd Mock, Ph.D.
Vice-Chair
Bellaire

Donna Lord Black, M.A.
Fulshear

Jo Ann Campbell, M.S.
Abilene

Carlos R. Chacón
El Paso

Angela A. Downes, J.D.
Dallas

Narciso Escareno
Brownsville

Leslie D. Rosenstein, Ph.D.
Austin

CERTIFIED MAIL # 7008 0150 0003 0482 2563

Mary Lou Serafine, Ph.D.
4011 Avenue D
Austin, TX 78751-4615

RE:   In the Matter of Mary Lou Serafine, Ph.D.
       TSBEP No. 10-123-9999 Cease & Desist Order

Dear Dr. Serafine:

Please be advised that it has come to the attention of the Texas State Board of Examiners of Psychologists that you are allegedly advertising that you are a psychologist on a website in violation of the Psychologists' Licensing Act, Texas Occupations Code, Chapter 501 (the Act). A copy of the relevant web page is enclosed.

A person is engaged in the practice of psychology within the meaning of the Act if the person uses the title "psychologist" in communicating with the public. Section 501.003(b)(1). Practice of Psychology.

Only Board-licensed psychologists may use the title "psychologist" in the state of Texas. Board records do not indicate that you hold any license with the Board.

Therefore you are **ORDERED** to immediately **CEASE AND DESIST** from using the title "psychologist" or offering or providing psychological services in the State of Texas. Within twenty (20) days of your receipt of this letter, submit a written explanation of all steps you have taken to bring yourself in compliance with the law.

The Attorney General's office pursues injunctive relief on behalf of the Board for the unauthorized and unlawful practice of psychology. Failure to comply with this letter may result in legal action being taken against you. You are urged to give your immediate and prompt attention to this matter. Please call with any questions, (512) 305-7705.

Sincerely,

Dianne L. Izzo
General Counsel

*Enclosure*

333 Guadalupe, Suite 2-450, Austin, Texas 78701
(Administration) 512-305-7700; (Enforcement) 512-305-7709; (TDD) 1-800-735-2989; (Fax) 512-305-7701
http://www.tsbep.texas.gov

The Texas State Board of Examiners of Psychologists is an equal opportunity employer
and does not discriminate on the basis of race, color, religion, national origin, age, sex, disability, or sexual orientation.

# **Attachment B**

**TEXAS STATE
BOARD OF
EXAMINERS OF
PSYCHOLOGISTS**

EXECUTIVE DIRECTOR
Sherry L. Lee



MEMBERS OF THE BOARD

Tim F. Branaman, Ph.D.
Chair
Dallas

Lou Ann Todd Mock, Ph.D.
Vice-Chair
Bellaire

Donna Lord Black, M.A.
Fulshear

Jo Ann Campbell, M.S.
Abilene

Carlos R. Chacón
El Paso

Angela A. Downes, J.D.
Dallas

Narciso Escareno
Brownsville

Leslie D. Rosenstein, Ph.D.
Austin

September 28, 2010

Mary Lou Serafine, Ph.D.
4011 Avenue D
Austin, TX 78751-4615

RE:    In the Matter of Mary Lou Serafine, Ph.D.
       TSBEP No. 10-123-9999 Cease & Desist Order

Dear Dr. Serafine:

Enclosed please find a copy of the Cease and Desist Order issued by the Board on September 15, 2010. The postal service left a notice but the letter has not yet been picked up at the above address. Therefore, this mailing is being re-sent by regular first class mail to that address, in addition to the address on the web site with offending language.

It has come to the attention of the Texas State Board of Examiners of Psychologists that you are advertising that you are a psychologist on a website in violation of the Psychologists' Licensing Act, Texas Occupations Code, Chapter 501 (the Act). A copy of the relevant web page is enclosed.

As noted on the enclosed Cease and Desist Order, only Board-licensed psychologists may use the title "psychologist" in the state of Texas. Board records do not indicate that you hold any license with the Board.

The Attorney General's office pursues injunctive relief on behalf of the Board for the unauthorized and unlawful practice of psychology. **Failure to comply with this letter within thirty (30) days will result in legal action being taken against you.**

You are urged to give your immediate and prompt attention to this matter. Please call with any questions, (512) 305-7705.

Sincerely,

Dianne L. Izzo
General Counsel

*Enclosures*

333 Guadalupe, Suite 2-450, Austin, Texas 78701
(Administration) 512-305-7700; (Enforcement) 512-305-7709; (TDD) 1-800-735-2989; (Fax) 512-305-7701
http://www.tsbep.texas.gov

The Texas State Board of Examiners of Psychologists is an equal opportunity employer
and does not discriminate on the basis of race, color, religion, national origin, age, sex, disability, or sexual orientation.

# **Attachment C**

**ATTORNEY GENERAL OF TEXAS**

GREG ABBOTT

January 4, 2011

Ms. Mary Lou Serafine                           Certified Mail, Return Receipt Requested
4011 Avenue D
Austin, Texas 78751-4615

     Re:    TSBEP Cease and Desist Order No. 10-123-9999

Dear Ms. Serafine:

The above complaint by the Texas State Board of Examiners of Psychologists has been referred to the Office of the Attorney General for enforcement, and I have been assigned to this case. The complaint involves your listing your occupation in public records as "psychologist" while not holding a license to practice psychology under the Psychologists' Licensing Act, Texas Occupations Code ch. 501.

That Act defines "psychologist" as follows:

> "Psychologist" means a person who holds a license to engage in the practice of psychology issued under Section 501.252.

Tex. Occ. Code § 501.002(5). The Act goes on to define the practice of psychology to include the following:

> (b) A person is engaged in the practice of psychology within the meaning of this chapter if the person:
>     (1) represents the person to the public by a title or description of services that includes the word "psychological," "psychologist," or "psychology". . . .

Tex. Occ. Code § 501.003(b).

I am informed by the Board that you did not respond to the written order of the Board, but did express disagreement with the order verbally. While this matter could result in a lawsuit to enjoin you from representing yourself as a psychologist while not licensed in Texas, I believe that it can be resolved more easily for all concerned.

Please contact me at your earliest convenience to discuss this matter, either by phone or at the address below. Thank you for your attention to this matter.

Ms. Mary Lou Serafine
January 4, 2011


Sincerely,

Joe H. Thrash
Assistant Attorney General
Environmental Protection and Administrative Law Division
Phone: 512 475-4685
Fax: 512 320-0167


cc:   Ms. Dianne Izzo, General Counsel, Texas State Board of Examiners of Psychologists

      Ms. Mary Louise Serafine            First Class Mail
      P.O. Box 4342
      Austin, TX 78765