IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2012 JUN 26  AM 10: 27
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| DR. MARY LOUISE SERAFINE, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CAUSE NO. A-11-CV-1018-LY |
| § | |
| TIM F. BRANAMAN, CHAIRMAN, § | |
| TEXAS STATE BOARD OF § | |
| EXAMINERS OF PSYCHOLOGISTS, § | |
| IN HIS OFFICIAL CAPACITY, AND § | |
| SHERRY L. LEE, EXECUTIVE § | |
| DIRECTOR, TEXAS STATE BOARD OF § | |
| EXAMINERS OF PSYCHOLOGISTS, IN § | |
| HER OFFICIAL CAPACITY, § | |
| DEFENDANTS. § | |

## ORDER

Before the court in the above styled and numbered cause of action are Defendants' Motion to Dismiss, filed January 28, 2012 (Clerk's Doc. No. 18), Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, filed January 19, 2012 (Clerk's Doc. No. 25), Defendants' Reply in Support of Motion to Dismiss, filed February 3, 2012 (Clerk's Doc. No. 30), Plaintiff's Sur-Reply in Opposition to Defendants' Motion to Dismiss, filed February 27, 2012 (Clerk's Doc. No. 33), and Defendants' Reply In Support of Motion to Dismiss, to Plaintiff's "Sur-Reply," filed March 1, 2012 (Clerk's Doc. No. 38). Having reviewed the motion, related filings, pleadings, and relevant law, the court will grant in part and deny in part Defendants' motion.

### I. BACKGROUND

This action is a civil-rights lawsuit by Plaintiff Dr. Mary Louise Serafine against Tim. F. Branaman and Sherry L. Lee, in their official capacities as the Chairman and Executive Director of

the Texas State Board of Examiners of Psychologists (the "Board"), respectively. Serafine's complaint for declaratory and injunctive relief challenges the constitutionality of the Psychologists' Licensing Act. TEX. OCC. CODE §§501.001–501.505 (the "Act"); *see also* 22 TEX. ADMIN. CODE §§ 461.1–473.8.

The Act prohibits a person from "engag[ing] in or represent[ing] that the person is engaged in the practice of psychology unless the person is licensed under this chapter or exempt under Section 501.004." TEX. OCC. CODE § 501.251. The Act exempts "licensed professionals" such as physicians, attorneys, or professional counselors, among others, from compliance with the licensing scheme, so long as the professional's "activity or service is permitted under the person's license" and "the person does not represent that the person is a psychologist or describe the services provided by using the term 'psychological.'" *Id.* at § 501.004(a)(3).

According to Serafine's complaint, although she does not hold a psychology license from Texas or any other state, she is a psychologist by virtue of her training, experience, and published research. Serafine received her Ph.D. in education in 1975, taught undergraduate students at the University of Florida's College of Education in a program designed by an internationally-renowned psychologist from 1970 to 1975, published her Ph.D. dissertation in the series *Genetic Psychology Monographs*, and continued to publish her research in established journals in the field of psychology over the subsequent decade. Her book on the psychology of music was published by Columbia University Press in 1988. From 1979 to 1983, Serafine completed four years of postdoctoral training in psychology at Yale University and served as a part-time faculty member in Yale's psychology department. From 1983 to 1988, she served as a full-time faculty member in the psychology department at Vassar College. She has also been accepted as a member of the American

Psychological Association and the American Counseling Association. She has been listed as a psychologist in *Who's Who in America*, *Who's Who of American Women*, and other publications.

Serafine is also a licensed attorney, having attended Yale Law School from 1988 to 1991, and is licensed to practice law in Texas, New York, California, and the District of Columbia. She now lives in Austin, Texas, where she conducted small-group seminars and one-on-one sessions, aimed at personal growth, to people adapting to divorce, singleness, and new mid-life relationships until the early part of 2010. Serafine has not taken the examination or satisfied any other regulatory requirements to become licensed as a psychologist in Texas.

Serafine postponed the expansion of her seminars to run for elected office in 2010 as the Republican nominee for Texas Senate in District 14 in Travis County. To be placed on the ballot for elected office, Serafine was required to fill out a form with the Texas Secretary of State on which she listed "attorney and psychologist" as her occupation. On her political website, Serafine also described herself as an "Austin attorney and psychologist."

On September 15, 2010, the Board sent Serafine a letter, enclosing a formal complaint, styled case number 10-123-9999. The letter, signed by Lee, complained about Serafine's use of the word "psychologist" on her political website. The letter ordered Serafine to immediately "cease and desist" from using the title psychologist or offering or providing psychological services in Texas. Serafine did not pick up the letter before its return date.

As a result, on September 28, 2010, the Board sent her a second letter, which provided that "[f]ailure to comply with this letter within thirty (30) days will result in legal action being taken against [her]." On January 4, 2011, the Attorney General's Office sent Serafine a third letter, threatening potential litigation over her use of the term "psychologist" in public records in violation

3

of the Act. Serafine removed the term "psychologist" from all pages of her political website, which is still fully functional and maintained in an ongoing effort to inform voters of her qualifications for elected office in 2012 and 2014.

This lawsuit ensued, in which Serafine alleges that by prohibiting her from practicing psychology or referring to herself as a psychologist, the Act unconstitutionally infringes upon her political speech, the practice of her profession, her ability to advertise her services, and her ability to describe her education and expertise in a political, commercial, and social context, in violation of the First and Fourteenth Amendments. *See* U.S. CONST. amends. I, XIV; 42 U.S.C. § 1983.[1] Serafine seeks declaratory and injunctive relief invalidating, facially and as applied to her, and enjoining the enforcement of the Act and the implementing rules of the Board, part 21 of Title 22 of the Texas Administrative Code. By their motion to dismiss, Defendants seek dismissal of Serafine's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

Motions to dismiss for failure to state a claim under Rule 12(b)(6) are viewed with disfavor and are seldom granted. *See Collins v. Morgan Stanley Dean Winter*, 224 F.3d 496, 498 (5th Cir. 2000). A court ruling on a motion to dismiss must liberally construe the complaint in favor of the plaintiff and all facts pleaded must be taken as true. *See Letterman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Dismissal for failure to state a claim is inappropriate unless the plaintiff's factual allegations fail to show a right to relief that is plausible

---

[1] Section 1983 of Title 42 of the United States Code provides a mechanism for enforcing rights independently secured by the Constitution and laws of the United States. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). Accordingly, Serafine brings her constitutional claims pursuant to section 1983.

and above mere speculation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 553–56 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In the context of a 12(b)(6) motion in a suit brought under section 1983, the district court's focus should be on whether the complaint properly sets forth a claim of deprivation of rights, privileges, and immunities secured by the Constitution or laws of the United States by persons acting under color of state law. *S. Christian Leadership Conference v. Supreme Court of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (internal citation omitted). If there is no deprivation of any protected right, the district court should dismiss the claim. *Id.*

### III. ANALYSIS

Serafine's complaint alleges that the Act (1) violates her First Amendment right to engage in political speech; (2) violates her First Amendment right to engage in commercial speech; (3) is overbroad in violation of the First Amendment; (4) constitutes a prior restraint on her practice of psychology in violation of the First Amendment; (5) is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment; (6) denies her equal protection of the law in violation of the Fourteenth Amendment; and (7) deprives her of a right to earn a living in violation of the Fourteenth Amendment. Defendants argue that they are entitled to dismissal of all of Serafine's claims as a matter of law because Texas enjoys "near-plenary authority" to regulate the practice of professions within its boundaries and none of the speech at issue in Serafine's case is protected by the First Amendment.

### A. The Intersection of Professional Regulation and the First Amendment

The Supreme Court has long held that although "[i]t is undoubtedly the right of every citizen of the United States to follow any lawful calling, business, or profession he may choose, . . . there is no arbitrary deprivation of such right where its exercise is not permitted because of a failure to comply with conditions imposed . . . for the protection of society." *Dent v. West Virginia*, 129 U.S. 114, 121–122 (1889). Accordingly, "[i]t is properly within the state's police power to regulate and license professions, especially when public health concerns are affected." *Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1054 (9th Cir. 2000); *see also Watson v. Maryland*, 218 U.S. 173, 176, (1910) ("It is too well settled to require discussion at this day that the police power of the states extends to the regulation of certain trades and callings, particularly those which closely concern the public health."). This state interest extends to psychological as well as physical health. *Nat'l Ass'n for Advancement of Psychoanalysis*, 228 F.3d at 1054. Professional regulations are generally constitutional if they "have a rational connection with the applicant's fitness or capacity to practice" the profession. *Schware v. Bd. of Bar Exam'rs of N.M.*, 353 U.S. 232, 239 (1957).

Furthermore, "[t]he power of government to regulate the professions is not lost whenever the practice of a profession entails speech." *Lowe v. S.E.C.*, 472 U.S. 181, 228 (1985) (White, J., concurring). Accordingly, courts have repeatedly upheld state licensing regimes against First Amendment challenges, even in the context of the "talking profession" of psychology. *See, e.g., Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 667 (1st Cir. 2010) ("Simply because speech occurs does not exempt those who practice a profession from state regulation . . . ."); *Nat'l Ass'n for Advancement of Pscyhoanalysis*, 228 F.3d at 1054 (rejecting

plaintiffs' contention that as "the talking cure," psychoanalysis deserves special First Amendment protection).

Citing to these cases and reciting these general principles, Defendants argue that Serafine has failed to state a cognizable constitutional claim. Although a state's police power to regulate professions is indeed broad, simply because a statute is enacted as a part of a licensing regime does not automatically ensure that it comports with the First Amendment. *See Accountant's Soc'y of Va. v. Bowman*, 860 F.2d 602, 604 (4th Cir. 1988). Closer scrutiny is required where the licensing regime implicates speech outside the context of the regulated profession. *Id.* The primary speech at issue in this case is Serafine's use of the term "psychologist" on her campaign website in an effort to inform voters about her identity, background, education, and experience.

**B.   Political Speech**

Defendants argue that Serafine's use of the term "psychologist" on her website "is only incidental to the *bona fide* political speech of her campaign for elected office" and, therefore, not protected political speech under the First Amendment. The general rule is that a professional regulation is constitutional, even where it restricts some kinds of speech, so long as "any inhibition of that right is merely the incidental effect of observing an otherwise legitimate regulation." *Underhill Assocs., Inc. v. Bradshaw*, 674 F.2d 293, 296 (4th Cir. 1982). "The task, then, is locating the point at which 'a measure is no longer a regulation of a profession but a regulation of speech or of the press.'" *Bowman*, 860 F.2d at 604 (citing *Lowe*, 472 U.S. at 230 (White, J., concurring)). This dividing line has been described as follows:

> If the government enacts generally applicable licensing provisions limiting the class of persons who may practice the profession, it cannot be said to have enacted a limitation on freedom of speech or the press subject to First

> Amendment scrutiny. Where the personal nexus between professional and client does not exist, and a speaker does not purport to be exercising judgment on behalf of any particular individual with whose circumstances he is directly acquainted, government regulation ceases to function as legitimate regulation of professional practice with only incidental impact on speech; it becomes regulation of speaking or publishing as such, subject to the First Amendment . . . .

*Lowe*, 472 U.S. at 232 (White, J., concurring). Defendants argue that because the Act "governs occupational conduct, and not a substantial amount of protected speech, it does not implicate constitutionally protected activity under the First Amendment." *See Locke v. Shore*, 634 F.3d 1185, 1191 (11th Cir. 2011) (internal citation omitted).

Although the Act is unquestionably a "generally applicable licensing provision" aimed at regulating the profession, Serafine alleges that the Act unconstitutionally infringes upon her political speech, as applied in the context of her campaign for public office. *See Lowe*, 472 U.S. at 232 (White, J., concurring). Serafine's complaint alleges that Defendants threatened her with prosecution for attempting to communicate her identity and background to prospective voters and in filling out an official form to become a candidate for elected office. This speech is aimed at the public at large, not a personalized client relationship. *See Locke*, 634 F.3d at 1191 ("There is a difference, for First Amendment purposes, between regulating professionals' speech to the public at large versus their direct, personalized speech with clients."). She further asserts that she cannot inform voters of her background without using the prohibited terms "psychologist," "psychology," or "psychological."

Defendants have not directed the court to any case concerning the enforcement of a licensing regime in an analogous factual context. The court, therefore, concludes that Defendants have not demonstrated that they are entitled to dismissal as a matter of law of Serafine's challenge to the Act as applied to her use of the word "psychologist" on her campaign website. However, the court does

not today hold that the Act implicates political speech as opposed to imposing a "merely incidental effect on protected speech." *See Locke*, 634 F.3d at 1192. The court will address such inquiry on a more developed record. At that time, if the court determines that the Act infringes on Serafine's *bona fide* political speech, the court will then reach the secondary inquiry as to whether the Act, as applied to Serafine's political speech, is necessary to serve a compelling state interest and is narrowly drawn to achieve that interest. *See Abramson v. Gonzalez*, 949 F.2d 1567, 1574 (11th Cir. 1992) (explaining that strict scrutiny applies to licensing regulations that regulate expressive or noncommercial speech). Accordingly, the court will deny Defendants' motion to dismiss with respect to Serafine's claim that the Act, as applied to her campaign speech, infringes upon her right to engage in political speech.

### C.   Overbreadth

Serafine alleges that the Act is unconstitutionally overbroad because it punishes conduct unrelated to the practice of psychology, reaching far beyond the stated purpose of the Act: protecting the public from unqualified practitioners in the field of psychology. The doctrine of overbreadth provides that if a law "punishes a substantial amount of protected free speech, judged in relation to the statute's plainly legitimate sweep," the law is invalid on its face "until and unless a limiting construction or partial invalidation narrows it as to remove the seeming threat or deterrence to constitutionally protected expression." *Virginia v. Hicks*, 539 U.S. 113, 118–19 (2003) (internal citations omitted). Defendants argue that they are entitled to dismissal of Serafine's overbreadth challenge because the Act affects only a narrow category of speech unprotected by the First Amendment. Because Defendants have not convinced the court that they are entitled to dismissal

of Serafine's political-speech claim, dismissal of her overbreadth challenge on this basis is premature.

**D.      *Vagueness***

Serafine alleges that the definition of "the practice of psychology" employed by the Act is void for vagueness in violation of the Due Process Clause of the Fourteenth Amendment because it fails to specify what conduct cannot be engaged in without a license to practice psychology. According to the Act, the "practice of psychology":

> (1) includes providing or offering to provide services to an individual or group, including providing computerized procedures, that include the application of established principles, methods, and procedures of describing, explaining, and ameliorating behavior;
>
> (2) addresses normal behavior and involves evaluating, preventing, and remediating psychological, emotional, mental, interpersonal, learning, and behavioral disorders of individuals or groups, as well as the psychological disorders that accompany medical problems, organizational structures, stress, and health;
>
> (3) includes:
>
> (A) using projective techniques, neuropsychological testing, counseling, career counseling, psychotherapy, hypnosis for health care purposes, hypnotherapy, and biofeedback; and
>
> (B) evaluating and treating mental or emotional disorders and disabilities by psychological techniques and procedures; and
>
> (4) is based on:
>
> (A) a systematic body of knowledge and principles acquired in an organized program of graduate study; and
>
> (B) the standards of ethics established by the profession.

*Id.* at § 501.003(c). Serafine asserts that this definition encompasses nearly any advice or counsel based on established principles, methods, and procedures or describing, explaining, and ameliorating behavior and thus "fails to draw a line between where simple advice ends and 'the practice of psychology' begins."

Vagueness challenges often are successful where the challenged law has a capacity "to chill constitutionally protected conduct, especially conduct protected by the First Amendment." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 546 (5th Cir. 2008) (internal citation omitted). However, in the context of a law that does not threaten to infringe constitutionally protected conduct, vagueness challenges are rarely meritorious, as a complainant "must demonstrate that the law is impermissibly vague in all its applications." *Id.* The parties disagree as to whether constitutionally protected speech is implicated in this case and, thus, what burden Serafine bears in proving her void-for-vagueness claim.

Serafine's void-for-vagueness challenge concerns the Act's definition of the "practice of psychology." Serafine does not allege that Defendants seek to penalize her for the unauthorized practice of psychology based on this definition. Nor is it this definition that results in the alleged infringement of her constitutionally protected political speech. Accordingly, to prevail on her void-for-vagueness claim Serafine must demonstrate that the Act's definition of "the practice of psychology" is impermissibly vague in all its applications. Serafine neither makes this allegation or attempts to satisfy this burden. Moreover, she cannot do so. *See Lawline v. Am. Bar Ass'n*, 956 F.2d 1378, 1386 (7th Cir. 1992) (affirming dismissal of vagueness challenge to the definition of "the practice of law" in Illinois professional regulation because "[t]here are some activities which clearly

11

constitute the practice of law"). The court will dismiss Serafine's vagueness challenge for failure to state a claim upon which relief can be granted.

### E.     *Prior Restraint*

Serafine next alleges that the Act's prohibition on the unlicensed practice of psychology creates a prior restraint on her speech because it prohibits her psychology practice, which consists exclusively of speech and communication. Court have repeatedly rejected similar claims in the context of professional licensing schemes. *See, e.g., Nat'l Ass'n for the Advancement of Psychoanalysis*, 228 F.3d at 1056 ("Because there is no allegation that the state is revoking or denying licenses for arbitrary or constitutionally suspect reasons, there is no problem of prior restraint.") (internal citation omitted). Serafine does not allege that Texas is denying psychology licenses for arbitrary reasons, only that she is unable to use the term "psychologist," "psychological," or "psychology" in her political or commercial speech without obtaining a license. Accordingly, there are no allegations before the court that would support Serafine's claim that the Act functions as a prior restraint on her ability to provide psychological services to her clients and the court will grant Defendants' motion to dismiss this claim.

### F.     *Commercial Speech*

Serafine alleges that the Act unconstitutionally prohibits her from truthfully advertising her services to potential clients. "The First Amendment protects commercial speech only if that speech concerns lawful activity and is not misleading." *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 507 (1981) (citing *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Cmm'n*, 447 U.S. 557, 563–66 (1980)). "Advertising that 'is inherently likely to deceive or where the record indicates that a particular form or method . . . of advertising has in fact been deceptive' receives no protection and

the State may prohibit it entirely." *Pub. Citizen Inc. v. La. Att'y Disciplinary Bd.*, 632 F.3d 212, 218 (5th Cir. 2011) (citing *In re R.M.J.*, 455 U.S. 191, 202 (1982)). Advertising that is potentially misleading—because it "may be presented in a way that is not deceptive"—may be regulated only if "the regulation directly advances a substantial government interest" and "is not more extensive than is necessary to serve that interest." *Id.* (citing *In re R.M.J.*, 455 U.S. at 203; *Cent. Hudson Gas & Elec. Corp.*, 447 U.S. at 566).

Defendants argue that it is inherently misleading for Serafine to hold herself out to the public as a psychologist when she does not possess a license to practice the profession. Defendants cite the court to a number of cases in which courts have found a professional's use of a title for which the individual does not hold a license or degree to be misleading commercial speech unprotected by the First Amendment. *See, e.g., Bowman*, 860 F.2d at 605 (characterizing use of title "public accountant" by a noncertified public accountant as "inherently misleading," given possibility that "some members of the public would believe the title has the state's imprimatur"); *Brandwein v. Cal. Bd. of Osteopathic Exam'rs*, 708 F.2d 1466, 1470 (9th Cir. 1983) (characterizing use of title "M.D." as misleading commercial speech by osteopath who had not obtained M.D. degree); *Maceluch v. Wysong*, 680 F.2d 1062, 1068–69 (5th Cir. 1982) (same).

However, courts have concluded that similar speech is not inherently misleading where an individual is permitted by law to practice the profession, even if the state regulates the titling of that profession. *See, e.g., Abramson*, 949 F.2d at 1576 ("If they are allowed to practice psychology, . . . they must be allowed to say truthful things about their work. As long as the plaintiffs do not hold themselves out as licensed professionals, they are not saying anything untruthful, for they are in fact psychologists and are permitted to practice that profession under current state law."); *Parker v. Ky.*

*Bd. of Dentistry*, 818 F.2d 504, 510 (6th Cir. 1987) ("If a state permits a dentist to perform orthodontic procedures, we do not believe a state can justify an outright ban on the use of particular terms relating to orthodontics on the theory that such terms inherently mislead the public."). *See also Byrum v. Landreth*, 566 F.3d 442, 447 (5th Cir. 2009) (rejecting the "circular" argument that interior designers who refer to themselves as such will confuse consumers who expect them to be licensed and holding that descriptive terms "interior designer" and "interior design" are not inherently misleading).

Although Texas regulates who can practice the profession of psychology, unlike the states in *Abramson*, *Parker*, and *Byrum*, the Act exempts certain professionals holding licenses in other fields from compliance with the Act's licensing requirement. *See* TEX. OCC. CODE § 501.004(b) (exempting from Act activity or service of licensed professionals such as physicians, attorneys, registered nurses, occupational therapists, licensed social workers, licensed professional counselors, career counselors, licensed marriage and family therapists, and licensed chemical dependency counselor). As an attorney licensed to practice law in Texas, Serafine is not required to obtain a license to practice psychology if the psychological services she provides are permitted under her law license. *See id.* § 501.004(a)(3)(A). However, the Act conditions the exemption upon Serafine's not representing herself as a "psychologist" or describing her services as "psychological." *See id.* at § 501.004(a)(3)(B). It is this limitation on her commercial speech that Serafine challenges in her lawsuit.

Defendants bear the burden to prove all elements of the commercial-speech test articulated by the Supreme Court in *Central Hudson*, including the threshold determination that the speech at issue is misleading. *See Byrum*, 566 F.3d at 446–47. The court concludes that Defendants have

failed to carry this burden. Because Serafine may present her services to the public in "a way that is not deceptive," for example by stating that she is a nonlicensed psychologist offering psychological services in the state of Texas, the court concludes that her commercial speech is not inherently, but only potentially, misleading. *See Pub. Citizen Inc.*, 632 F.3d at 218. Accordingly, Defendants are not entitled to dismissal of Serafine's commercial-speech claim unless they also satisfy their burden to demonstrate that "the regulation directly advances a substantial government interest" and "is not more extensive than is necessary to serve that interest." *Cent. Hudson Gas & Elec. Corp.*, 447 U.S. at 566.

"[A] long line of Supreme Court precedent holds that a state has a compelling interest in the licensing and regulation of professions within its boundaries." *McKinley v. Abbott*, 643 F.3d 403, 408 (5th Cir. 2011). In requiring that a challenged regulation be narrowly tailored to serve an important or substantial state interest, the regulation may not "burden substantially more speech than is necessary to further the government's legitimate interests." *Bd. of Trs. of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 478 (1989). Defendants do not present the court with any argument regarding the narrow tailoring of the Act's prohibition on the use of the term "psychologist" by licensed professional exempt from compliance with the Act's licensing requirements. They only recite to the court broad language regarding the intermediate scrutiny applicable to commercial-speech cases. Defendants must do more to satisfy their burden of proof entitling them to dismissal of Serafine's commercial-speech claim.

In sum, the court concludes that Defendants have not established as a matter of law that Serafine's commercial speech is inherently misleading or that the Act is no more extensive than necessary to serve Texas's compelling interest in regulating the professions within its boundaries.

Accordingly, the court will deny Defendants' motion to dismiss with respect to Serafine's claim that the Act unconstitutionally infringes upon her right to engage in truthful and nonmisleading commercial speech.

## G.    *Equal Protection*

"When those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to assure that all persons subject to legislation or regulation are indeed being 'treated alike, under like circumstances and conditions.'" *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 602 (2008). Under rational-basis review, the burden is on the challenger to show there is no rational basis for the classification; the state need not articulate the rationale supporting its classification or produce evidence to sustain its rationality. *See Heller v. Doe by Doe*, 509 U.S. 312, 319–320 (1993). The basis of Serafine's equal-protection claim is that the Act's exemption provision arbitrarily prevents licensed attorneys exempt from the Act from making the same representations with respect to their services as licensed psychologists.[2]

"On rational-basis review, a classification in a statute . . . bear[s] a strong presumption of validity." *Locke*, 634 F.3d. at 1196 (citing *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314–15 (1993)). "A statute is constitutional if 'there is any reasonably conceivable state of facts that could

---

[2] "[W]here a law classifies in such a way as to infringe constitutionally protected fundamental rights, heightened scrutiny under the Equal Protection Clause is required." *Att'y Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 906 n.6 (1986). Serafine argues that heightened scrutiny applies here because the Act burdens her constitutionally protected speech. Although the Act, as applied to Serafine's speech on her campaign website, may infringe upon Serafine's fundamental free-speech rights, this is not the basis of her equal-protection claim. It is well-established that "[r]ational basis review applies to . . . Equal Protection Clause challenges to state professional regulations, because the right to practice a particular profession is not a fundamental one." *Locke*, 634 F.3d at 1195.

provide a rational basis for [it].'" *Id.* (citing *FCC*, 508 U.S. at 313). Under this highly deferential standard, the court is persuaded that there is a rational basis for the Act's differential treatment of licensed psychologists and licensed professionals exempt from the Act.³

As explained by Defendants, the Act's exemption provision "avoids needlessly impeding professionals whose legitimate professional services overlap somewhat with those of a psychologist," while at the same time requiring a psychology license to hold oneself out to the public as such. Moreover, the court is not convinced that licensed psychologists and licensed attorneys exempt from the Act are similarly situated. Licensed psychologists have completed the licensing and examination requirements established by the Board, whereas licensed professionals falling under the Act's exemption have not. Serafine has not convinced the court that there is no "reasonably conceivable state of facts that could provide a rational basis" for the exemption. *See FCC*, 508 U.S. at 313. Accordingly, the court will dismiss Serafine's equal-protection claim.

## H.   *Right to Earn a Living*

Serafine's final claim is that the Act violates the Due Process and Privileges and Immunities Clauses of the Fourteenth Amendment because it arbitrarily prohibits her from earning a living in the occupation of her choice. The "right to work for a living in the common occupations of the community" is a generally recognized liberty interest, protected by the Due Process Clause of the Fourteenth Amendment.⁴ *See Martin v. Mem. Hosp. at Gulfport*, 130 F.3d 1143, 1149 (5th Cir.

---

³The court's conclusion that the Act's exemption provision is supported by some rational basis does not affect its separate holding that the same provision may not withstand the intermediate scrutiny governing Serafine's commercial-speech claim.

⁴Serafine's invocation of the Privileges and Immunities Clause, however, is wholly without merit. *See* U.S. CONST. amend. XIV, § 1 ("No State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States[.]"). The Supreme Court's

1997) (quoting *Truax v. Raich*, 239 U.S. 33, 41 (1915)). The contours of this liberty interest, however, are quite limited, all involving scenarios in which an individual is "effectively foreclosed" from working in her chosen profession. *See id.* at 1148.

In the context of licensing requirements, an individual is only deprived of her right to work for a living if she is "*de jure* or *de facto* denied a license" for working in her chosen field. *See id.* at 1149. Serafine does not allege that she has attempted to obtain a license to practice psychology or that the Act prevents her from providing the psychological services she has been trained to provide to clients in Texas. To the contrary, her allegations make plain that she is permitted to offer psychological services without complying with the Act's licensing requirement and that she ran small groups employing psychological techniques until 2010 without incident. Because Serafine has not alleged a deprivation of her due-process right to earn a living as a psychologist, the court will grant Defendants' motion to dismiss this claim.

## IV. CONCLUSION

In summary, Serafine's claim that the Act is void for vagueness fails as a matter of law because Serafine has not alleged that the Act's definition of the "practice of psychology" is unconstitutionally vague in all its applications. Serafine's claim that the Act functions as an

---

binding interpretation of the Privileges and Immunities Clause is that its "sole purpose was to declare to the several States, that whatever those rights, as you grant or establish them to your own citizens, or as you limit or qualify, or impose restrictions on their exercise, the same, neither more nor less, shall be the measure of the rights of citizens of other States within your jurisdiction." *Slaughter-House Cases*, 83 U.S. (16 Wall.) 36, 77 (1872); *but see Saenz v. Roe*, 526 U.S. 489, 521 (1999) (Thomas, J., dissenting) (urging the Supreme Court to reconsider its privileges-and-immunities jurisprudence). Because Serafine makes no allegation that the Act treats her differently than Texas residents seeking to practice psychology in Texas, there is no merit to this claim. *See Powers v. Harris*, 379 F.3d 1208, 1214 (10th Cir. 2004).

unconstitutional prior restraint on her practice of psychology also fails as a matter of law because her complaint contains no allegation that Texas is arbitrarily denying licenses to practice psychology in the state. Serafine's claim under the Equal Protection Clause fails as a matter of law because she has not demonstrated that no rational basis exists for the differential treatment of licensed psychologists and licensed professionals falling under the Act's exemption. Finally, Serafine has failed to state a claim for a deprivation of her right to earn a living under the Due Process Clause of the Fourteenth Amendment because she does not allege that she has been effectively foreclosed from practicing psychology in the state. The only claims to survive Defendants' motion to dismiss are Serafine's political-speech, commercial-speech, and overbreadth claims arising under the First Amendment.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Clerk's Doc. No. 18) is **GRANTED TO THE FOLLOWING EXTENT**: the court **HEREBY DISMISSES** Serafine's vagueness, prior-restraint, equal-protection, and right-to-earn-a-living claims. Serafine may proceed with her political-speech, commercial-speech, and overbreadth claims arising under the First Amendment.

SIGNED this 26th day of June, 2012.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE