IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DR. MARY LOUISE SERAFINE | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:11-CV-01018LY |
| | § | |
| TIM F. BRANAMAN, Chairman, Texas | § | |
| State Board of Examiners of Psychologists, | § | |
| in his official capacity; et al., | § | |
| Defendants. | § | |

**DEFENDANTS' "MOTION IN LIMINE"**

TO THE HONORABLE LEE YEAKEL:

In support of their "motion in limine," the defendants respectfully submit the following.

**I.**

Under the scheduling order (ECF doc. 48 ¶ 8, as amended by doc. 57) and W.D. TEX. L.R. CV-16(e)(9), motions in limine are due September 13, 2013. Although in a bench trial it is not necessary to require the offering party to approach the bench and obtain a ruling outside the presence of the jury before offering the evidence at issue, this motion is brought at the threshold of the trial for the purpose of alerting the Court and opposing party to defendants' objections to certain lines of questioning. Although the defendants are not obliged to raise relevancy objections now – *e.g.*, *see* W.D. TEX. L.R. CV-16(f)(2) – it is in the interest of judicial economy to address the issues below categorically now rather than wait to argue the matters question by question.

1

## II.

Much of the plaintiff's questioning in depositions was directed to what constitutes the practice of psychology; whether the statutory definition would encompass such things as a bartender's advice, coaching a sports team, anger management counseling, twelve-step programs, etc.; and how a practitioner could tell from the language of the statute whether she is in compliance. *E.g.*, deposition of Tim Branaman ("Branaman dep.") page 40 line 24 through page 57 line 22 (40:22-57:22), 62:2-66:20, 71:13-75:10; Jennings dep. 51:3-60:23, 67:25-74:7, 80:11-83:17; Lee dep. 63:17-68:20.

Out of caution, the defendants have designated deposition passages addressing these matters, in the event the plaintiff is permitted to pursue them. If the plaintiff is not allowed to go into these matters, the defendants will not offer the deposition excerpts addressing them.

The plaintiff's vagueness claim was dismissed for failure to state a claim. Doc. 45 at 10-12. Moreover, this line of questioning is outside the scope of what is left of her overbreadth claim. The Court held in relevant part that, "Because Defendants have not convinced the court that they are entitled to dismissal of Serafine's political-speech claim, dismissal of her overbreadth challenge on this basis is premature." *Id.* at 9-10. Consequently, the issue for trial on the overbreadth claim is whether the Psychologists' Licensing Act, TEX. OCC. Code §§ 501.001-501.005 (the "Act"), as applied to the plaintiff's identification of herself as a "psychologist" on her state senatorial campaign website, imposes restrictions on protected political speech that are not justified by the purposes of the Act.

Although related, overbreadth is distinct from vagueness. *J&B Entm't, Inc. v City of Jackson*, 152 F.3d 362, 366 (5th Cir. 1998). The issue for vagueness is whether a reasonable person can

ascertain from the language of the statute what conduct is prohibited, without regard to the state's authority to prohibit the conduct.  The issue for overbreadth is whether the statutory prohibition includes protected speech the state does not need to restrict in order to achieve the law's legitimate objectives, regardless of how clearly worded the prohibition is.  The line of questioning at issue might have been relevant if vagueness were an issue for trial, but it is not relevant to the issue of whether the statute is overbroad with respect to political speech.

## III.

Another major line of inquiry pursued by the plaintiff in deposition pertained to the specific chain of events leading to the cease and desist orders that precipitated the suit, including how the facts of Serafine's case compared to those of prior complaints to the Board.  The plaintiff's equal protection claim was dismissed for failure to state a claim. Doc. 45 at 16-17.  Moreover, the plaintiff does not contend that she was erroneously charged with holding herself out as a psychologist. Instead, she challenges the defendants' authority to prohibit her from doing so without a state license. Consequently, the adequacy of the process by which the defendants decided to take action against her is immaterial.  The only relevant facts concerning the cease and desist orders are undisputed: (1) Serafine is not licensed to practice psychology in Texas; (2) Serafine described herself a "psychologist" on her campaign website; and (3) the defendants ordered her to stop doing so.

## IV.

Accordingly, the defendants respectfully request that before the plaintiff commences either line of questioning her counsel be required to obtain a ruling from the Court on the relevancy of the matter to be examined.

Respectfully Submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense
Litigation

JAMES "BEAU" ECCLES
Division Chief - General Litigation


  /s/   James C. Todd
JAMES C. TODD
Texas Bar No.  20094700
Assistant Attorney General
Office of the Attorney General
General Litigation Division-019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120  (512) 320-0667 FAX
Jim.Todd@texasattorneygeneral.gov
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

I certify that on September 11-12, 2013, I conferred by e-mail and telephone with James Manley, lead attorney for the plaintiff, who stated that the plaintiff opposes this motion.

  /s/   James C. Todd
JAMES C. TODD
Assistant Attorney General

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent *via* Certified U.S. Mail, Return Receipt Requested, on this the 13th day of September, 2013, to:

John R. Hays, Jr., Esq.
Hays & Owens, LLP
807 Brazos Street, Suite 500
Austin, Texas 78701
john.hays@haysowens.com

James M. Manley, Esq.
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
jmanley@mountainstateslegal.com

_/s/   *James C. Todd*_____
JAMES C. TODD
Assistant Attorney General

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DR. MARY LOUISE SERAFINE | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:11-CV-01018 LY |
| | § | |
| TIM F. BRANAMAN, Chairman, Texas | § | |
| State Board of Examiners of Psychologists, | § | |
| in his official capacity; *et al.*, | § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANTS' "MOTION IN LIMINE"**

CAME ON this day for consideration Defendants' "Motion in Limine," and it appearing to the Court that the motion is meritorious and should be granted, it is accordingly

ORDERED that

Prior to questioning any witness about what constitutes the practice of psychology; the scope of activity that the statutory definition of the practice of psychology encompasses; how a practitioner could tell from the language of the statute whether she is in compliance; and the specific chain of events leading to the cease and desist orders that precipitated the suit, including how the facts of Serafine's case compared to those of prior complaints to the Board, the plaintiff's counsel must obtain a ruling from the Court on the relevancy of the matter to be examined.

SIGNED this _____ day of _____, 2013.

_____
HON.   LEE YEAKEL
UNITED STATES DISTRICT JUDGE