FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS JUN 19 PM 1:03
AUSTIN DIVISION

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

| | |
|---|---|
| DR. MARY LOUISE SERAFINE,<br><br>Plaintiff,<br><br>v.<br><br>TIM F. BRANAMAN, Chairman, Texas State Board of Examiners of Psychologists, in his official capacity; and DARREL D. SPINKS, Executive Director, Texas State Board of Examiners of Psychologists, in his official capacity,<br>Defendants. | § §<br>§ §<br>§ §<br>§ §<br>§ §<br>§ §<br>§ §   No. 11-cv-01018-LY<br>§ §<br>§ §<br>§ §<br>§ §<br>§ §<br>§ §<br>§ §<br>§ § |

**Plaintiff's Post-Trial Submission of Recent Authority:**
***Kagan v. City of New Orleans***

TO THE HONORABLE LEE YEAKEL:

Plaintiff apprises the Court of the Fifth Circuit's recent opinion in *Kagan v. City of New Orleans*,[1] the first decision of that court since *Byrum*[2] was decided five years ago, to consider a person's claim that a license—here, a tour guide license under a municipal ordinance—violated the right to freedom of speech.[3]   The court found the ordinance

---

[1]  *Kagan v. City of New Orleans*, No.13-30801 (5th Cir. June 2, 2014).

[2]  *Byrum v. Landreth*, 566 F.3d 442 (5th Cir. 2009).

[3]   Judge Jones, author of the *Byrum* opinion, sat on the *Kagan* panel and concurred only in the judgement, without separate opinion.

constitutional, determining that it was an economic regulation, not one of speech.

The New Orleans ordinance required a criminal background check, drug screening, a history test, and payment of $50 (thereafter $20 biennially) in order to obtain a tour guide's license.  The City had argued that busing and walking tourists to historic sites, bars, restaurants, and cemeteries was conduct, not speech alone.  It cited some prior criminal incidents where faux tour guides scammed or pan-handled unknowing visitors.

The court noted that the city's economic interest in tourism, which included the safety of visitors, justified invoking the police power.   As the district court had explained,[4] even though the license required passing a written test of knowledge about New Orleans, the reason the ordinance was enacted was not because of a "'disagreement with the message conveyed or *a concern over the message's direct effect on those who are exposed to it;*'" (quoting *Illusions–Dallas Private Club, Inc. v. Steen*, 482 F.3d 299, 308 (5th Cir. 2007)(emphasis added); moreover, "it would otherwise be difficult to describe the act, the conduct, requiring a license." [5]

The *Kagan* opinion relied on two cases: *Ward v. Rock Against Racism*[6] and the

---

[4] *Kagan v. City of New Orleans*, Civil Action No. 11-cv-03052, 2013, U.S. Dist. LEXIS 95546 (E.D. La. July 9, 2013) at 7.

[5] *Id.* at 9.

[6] *Ward v. Rock Against Racism,* 491 U.S. 781 (1989).

district court opinion in *Edwards v. District of Columbia*,[7] deciding a comparable tour

guide license.  The *Kagan* opinion did not mention *Byrum* or the doctrines of

overbreadth, political speech, or commercial speech.

The opinion is attached.


Respectfully submitted,


M. L. Serafine

Mary Louise Serafine, *Pro Se*
P.O. Box 4342
Austin, Texas  78765
512-220-5452
mlserafine@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June 2014, I served the foregoing by U.S. mail to the
attorney below and also sent a copy by email to peggy.hamil@texasattorneygeneral.gov.

James C. Todd
Assistant Attorney General
Office of the Attorney General
General Litigation Division-019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548


M. L. Serafine

Mary Louise Serafine, Plaintiff

---

[7] *Edwards v. District of Columbia*, 943 F.Supp.2d 109 (2013).

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 13-30801

June 2, 2014

Lyle W. Cayce
Clerk

CANDANCE KAGAN; MARY LACOSTE; JOYCELYN M. COLE, erroneously
named as Jocelyn M. Cole; ANNETTE WATT,

                                             Plaintiffs-Appellants

v.

CITY OF NEW ORLEANS, Louisiana,

                                             Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before REAVLEY, JONES, and GRAVES, Circuit Judges.*

REAVLEY, Circuit Judge:

The City of New Orleans requires those who conduct tours for hire in the City to have a tour guide license. Four tour guides object to the license requirement on the ground that it violates their First Amendment rights and seek a declaratory judgment and injunction for relief. The district court granted summary judgment for the City, and we affirm.

The New Orleans Code requires the license for a person to charge for tours to "the City's points of interest and/or historic buildings, parks or sites, for the purpose of explaining, describing or generally relating the facts of

---

* Judge Jones concurs in the judgment only.


AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

Case 3.11-cv-01013-LY   Document 100   Filed 06/19/14   Page 9 of 6

No. 13-30801

importance thereto."   To obtain the license, the applicant must pass an examination testing knowledge of the historical, cultural and sociological developments and points of interest of the city, must not have been convicted of a felony within the prior five years, pass a drug test, and pay a $50 fee when first applying or $20 when renewing after two years.  Violators are subject to punishment by up to five months imprisonment and $300 in fines.

Reviewing the law facially, we see its purpose to be clear.  The City wants to promote and protect visitors there as they see and enjoy all of the attractions of New Orleans; its history and sights on to its food and music.  Conventions bring thousands there and often program tours of the city.  To put it simply, New Orleans thrives, and depends, upon its visitors and tourists.  For the benefit of those visitors the City identifies those tour guides who have licenses and are reliable, being knowledgeable about the city and trustworthy, law-abiding and free of drug addiction.

Without contesting that as the only purpose or effect of the law, plaintiffs seek to abolish the license and will thereby defeat the purpose.  They urge the First Amendment freedom of speech as the problem.  But no fault is found by the City in what tour guides do or say.  They themselves want to speak and do the same.  When a city exercising its police power has a law only to serve an important governmental purpose without affecting what people say as they act consistently with that purpose, how is there any claim to be made about speech being offended?

The district court of the District of Columbia decided in a similar case to go beyond that question to an intermediate scrutiny review with the same result. *Edwards v. District of Columbia*, 943 F. Supp. 2d 109, 118 (2013).  So will we.

The First Amendment prevents government from restricting speech, unless it is unprotected as is obscenity and the promotion of violence.  Laws

2

Case 2:11-cv-01918-IEM Document 360 Filed 06/19/14 Page 6 of 6

No. 13-30801

that restrict expression because of its content are reviewed by strict scrutiny, requiring that the government has narrowly tailored the content restriction to a compelling interest without other means to do so. Plaintiffs insist on this strict scrutiny by arguing the New Orleans license law is content based. And they cite cases all of which affect speech. For example, their lead authority is *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2707 (2010), but that decision held that the law applied to conduct that triggered a message that provided material support to the terrorists in the form of speech. *Id.* at 2724. Whereas the New Orleans law in its requirements for a license has no effect whatsoever on the content of what tour guides say. Those who have the license can speak as they please, and that would apply to almost any vocation that may be licensed. Tour guides may talk but what they say is not regulated or affected by New Orleans.

The Supreme Court's opinion in *Ward v. Rock Against Racism*, 109 S. Ct. 2746 (1989) is instructive. There the government had regulated sound, and the Court said that even with messages conveyed, the regulation is content-neutral so long as the regulation is justified without reference to content or speech. *Id.* at 2754. Because that regulation was content-neutral and only reviewed with intermediate scrutiny, it satisfied the requirement of narrow tailoring "so long as the...regulation promotes a substantial interest that would be achieved less effectively absent the regulation." *Id.* at 2758 (quoting *United States v. Albertini*, 105 S. Ct. 2897, 2906 (1985)). New Orleans, by requiring the licensees to know the city and not be felons or drug addicts, has effectively promoted the government interests, and without those protections for the city and its visitors, the government interest would be unserved.

The judgment of the district court upholding the constitutionality of the New Orleans licensing scheme for tour guides is affirmed.

AFFIRMED.

3