**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DR. MARY LOUISE SERAFINE,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **TIM F. BRANAMAN, CHAIRMAN,** | § | |
| **TEXAS STATE BOARD OF** | § | |
| **EXAMINERS OF PSYCHOLOGISTS,** | § | **A-11-CV-1018- LY** |
| **IN HIS OFFICIAL CAPACITY, AND** | § | |
| **DARREL D. SPINKS, EXECUTIVE** | § | |
| **DIRECTOR, TEXAS STATE BOARD** | § | |
| **OF EXAMINERS OF** | § | |
| **PSYCHOLOGISTS, IN HIS OFFICIAL** | § | |
| **CAPACITY,** | § | |
| **DEFENDANTS.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's First Amended Motion for Section 1988 Attorney's Fees, Costs, and Expenses (Dkt. No. 120);[1] Defendants' Response to Plaintiff's First Amended Motion for Attorney's Fees, Costs, and Expenses (Dkt. No. 122); and Plaintiff's Reply in Support of Plaintiff's Plaintiff's First Amended Motion for Section 1988 Attorney's Fees, Costs, and Expenses (Dkt. No. 124). The District Court referred the above-motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

---

[1]Because Plaintiff has filed an Amended Motion for Attorney's Fees, the Original Motion for Attorney's Fees (Dkt. No. 110) should be dismissed as moot.

# I.  GENERAL BACKGROUND

Mary Louise Serafine ran for the Texas Senate in 2010 and described herself as a "psychologist" on her campaign website.  Although she does not have a degree in psychology and is not licensed to practice as a psychologist in Texas, Serafine completed a four-year post-doctoral fellowship in psychology at Yale and was a professor in the psychology departments at Yale University and Vassar College. Serafine has also studied under leading psychologists and was a member of the American Psychological Association for several years.  Before running for office, Serafine taught seminars and provided one-on-one counseling sessions on personal growth and relationships in Austin.  Serafine is also a lawyer with a degree from Yale Law School.

Under the Psychologists' Licensing Act "[a] person is engaged in the practice of psychology within the meaning of this chapter if the person: (1) represents the person to the public by a title or description of services that includes the word 'psychological,' 'psychologist,' or 'psychology.'" TEX. OCC. CODE ANN. § 501.003.  In September 2010, the Texas State Board of Examiners of Psychologists sent Serafine a letter informing her that she was violating the Act and ordered her to cease using the title of "psychologist" on her campaign website (or in any other context) and to refrain from offering or providing psychological services in Texas.

After she received the letter, Serafine filed the above-styled lawsuit seeking a declaration that the Act is unconstitutional under the First and Fourteenth Amendments to the United States Constitution.  Specifically, Serafine filed the lawsuit against Tim F. Branaman, Chairman of the Texas State Board of Examiners of Psychologists in his official capacity, and Darrel D. Spinks, Executive Director of the Texas Board of Examiners of Psychologists in his official capacity ("Defendants"), alleging that the Act violated her political speech, commercial speech, equal

protection rights and right to earn a living under the First and Fourteenth Amendments, and that the Act was vague, overbroad and a prior restraint in violation of the First Amendment.

The District Court dismissed Serafine's equal protection, right-to-earn-a-living, vagueness, and prior-restraint claims and held a bench trial on the remaining claims. After the three-day bench trial, the District Court rejected the political speech and overbreadth claims, holding that the Act is a legitimate use of the state's police power, which imposed only an incidental effect on Serafine's speech, and that any impermissible applications of the Act are insubstantial in relation to its overall sweep. The District Court also rejected the commercial-speech claim, reasoning that the Act is reasonably tailored to further the state's interest in protecting the public from the unauthorized practice of psychology.

On appeal, the Fifth Circuit affirmed the District Court's dismissal of her prior-restraint claim but reversed "in respect to the constitutionality of Section 501.003(b)(1) as applied to Serafine's campaign speech and in regard to the overbreadth of Section 501.003(b)(2)." *See Serafine v. Branaman*, 810 F.3d 354, 370 (5th Cir. 2016). Specifically, the Fifth Circuit reasoned that "because the state's interest in proscribing misleading speech is limited in the political context, and because the Board's goal of preventing deception can be served by other means—the vigorous public debate and scrutiny that accompany political campaigns—(b)(1) is unconstitutional as applied to Serafine." *Id.* at 363. The Court further found that "[b]y limiting the ability of individuals to dispense personal advice about mental or emotional problems based on knowledge gleaned in a graduate class in practically any context, subsection (c) chills and prohibits protected speech," and, therefore, Section 501.003(c), and by implication, Section 501.003(b)(2), are overbroad and contravene the First Amendment." *Id.* at 369-70. Finally, the Court affirmed the prior-restraint challenge since the Act was "penalizing past speech" which is not a prior restraint on speech. *Id.* at 370. The Fifth Circuit

3

remanded the case to the District Court "for entry or appropriate orders and judgment and other proceedings as needed." *Id.*   In the present motion, Serafine requests that the Court award her $57,092.25 in fees and expenses, pursuant to 42 U.S.C. § 1988(b).

## II. ANALYSIS

### A.   Recovery of Attorney's Fees under § 1988

The Civil Rights Attorney's Fees Awards Act of 1976, allows "the prevailing party" in certain civil rights actions, including suits brought under § 1983, to recover "a reasonable attorney's fee." 42 U.S.C. § 1988.   The Supreme Court has stated that a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Lefemine v. Wideman*, 133 S.Ct. 9, 11 (2012) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992)).   "[A]n injunction or declaratory judgment, like a damage award, will usually satisfy that test." *Id.*   The Fifth Circuit has consistently acknowledged in civil rights cases "that a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." *Dean v. Riser*, 240 F.3d 496, 508 (5th Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978)).   "Thus, a prevailing plaintiff in a civil rights action is presumptively entitled to reasonable attorney's fees, unless a showing of 'special circumstances' is made that would deem such an award unjust." *Deutsh v. Jesus Becerra, Inc.*, 2016 WL 4524491, at *1 (5th Cir. Aug. 29, 2016) (quoting *Dean*, 240 F.3d at 508).

The Fifth Circuit uses a two-step process to calculate attorney's fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).   First, a court calculates a "lodestar" figure "by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id.*   In so doing, the court considers whether the attorneys demonstrated proper billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker v. U.S.*

*Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).  The plaintiff has the burden of showing the reasonableness of the hours billed and proving the exercise of billing judgment. *Id.* at 770.

After calculating the lodestar, the court may increase or decrease it based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). *Heidtman*, 171 F.3d at 1043. Those factors are: (1) the time and labor required by the litigation; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Id.* at 1043 n. 5 (citing *Johnson*, 488 F.2d at 717–19).

Where a prevailing party was only partially successful, the court must consider two further issues: first, the relationship between the claims on which the plaintiff succeeded and those on which he did not, and second, whether the plaintiff achieved a level of success that makes the hours expended a satisfactory basis for a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Specifically, in a suit where the plaintiff presents "distinctly different claims for relief that are based on different facts and legal theories[,]. . .work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved"; thus, no fee award for that work is permitted. *Id.* at 434–35 (internal quotes omitted).  In contrast, where the suit "involve[d] a common core of facts" or was "based on related legal theories," the court "should focus on the significance

of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

**B.     Right to recover fees**

From November 29, 2011, when her lawsuit was filed, until the completion of the bench trial before the District Court on November 19, 2013, Serafine was represented by Mountain States Legal Foundation ("MSLF"), a non-profit public interest legal foundation located in the State of Colorado, and by local counsel Mr. John Hays and Mr. Roger Borgelt.  On January 28, 2014, the District Court held a hearing on MSLF, Hays and Borgelt's Motion to Withdraw as counsel of record in the case. On January 29, 2014, the District Court granted the Motion to Withdraw and Serafine proceeded *pro se* in this case.  Dkt. No. 92.  In February 2014, Serafine retained the law firm of Bates LLLC as "consulting counsel" in this case but continued to represent herself, including on appeal.  However, the law firm of Haynes and Boone, who represented Serafine on a *pro bono* basis, argued her case to the Fifth Circuit.  On remand, Serafine is proceeding *pro se*.

Pursuant to 42 U.S.C. § 1988(b), Serafine seeks a total of $57,092.25 in attorney's fees, costs and expenses as the prevailing party in her civil rights suit.  Specifically, she seeks $30,000 in attorney's fees for her lead counsel MSLF and $11,000 for MSLF's costs and expenses; $12,862,50 in attorney's fees for consulting counsel Bates PLLC; and $2,773.04 for Serafine's own costs and expenses.  Serafine does not seek attorney's fees for herself , local counsel or appellate counsel. Defendants do not dispute the $12,862.50 amount for Bates PLLC's attorney's fees.  Nor do Defendants dispute that Serafine is the prevailing party in this case and is entitled to attorney's fees under § 1988(b).

**C.**     **Defendant's objections**

Although they do not contest the general proposition that Serafine is entitled to recover some fees, Defendants argue that the amount of fees should be reduced because (1) Serafine has waived her claim for fees for the MSLF; (2) Serafine is not entitled to excess costs for out-of-state counsel; (3) the fees and costs award should be reduced for work on severable non-prevailing claims; (4) the fees and costs award should be reduced for inadequate documentation of attorney time; and (5) Serafine is not entitled to her own costs and expenses for representing herself *pro se*.

**1.**     **MSLF's Fees**

Defendants argue that Serafine waived her request for attorney's fees for MSLF because she failed to ask for such awards in her original Motion for Attorney's Fees. *See* Dkt. No. 110. Defendants' argument is without merit.  After the Fifth Circuit remanded this case, the District Court conducted a status conference and subsequently granted Serafine's request to file an Amended Motion for Attorney's Fees. *See* Dkt. No. 118.  Accordingly, Serafine had sought and was granted permission to file the instant Amended Motion for Attorney's Fees, and did not waive her request to seek attorney's fees on behalf of MSLF.

**2.**     **MSLF's Costs and Expenses**

Serafine seeks $30,000 in attorney's fees for her lead counsel, MSLF, and $11,456.71 for MSLF's costs and expenses.  As noted above, Serafine's original motion for attorney's fees only sought MSLF's costs and expenses and not attorney's fees.  In their response to the original motion, Defendant acknowledged that MSLF is entitled to expenses for witness and service fees ($676.54) and for transcripts ($4,088.05), but objected to expenses for travel and conference calls since those expenses "would not have been incurred but for the plaintiff's retention of outside counsel." Dkt.

No. 114 at 4.  In response to the amended request, Defendants continue to object to $6,534.75 of the requested costs and expenses as "excess costs" for travel expenses for the out-of-state counsel.

Reasonable out-of-pocket expenses, including charges for photocopying and travel, are recoverable in § 1988 attorney's fee awards because they are part of the expenses normally charged to a client. *Assoc. Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990).  Although Defendants argue that Serafine has failed to demonstrate a need to hire counsel from out of state, they offer no evidence themselves to rebut the testimony presented by Serafine on this issue.  In her declaration accompanying the motion for fees, she states:

> 3        Following my receipt of the cease and desist order in this case, and after receiving a threat of prosecution from the Board and the Attorney General, I needed to obtain *pro bono* counsel for this case.
>
> 4.        During 2011 I attempted to find *pro bono* counsel in Austin, Texas and was unable to find counsel with appropriate expertise that could take the case pro bono. I contacted private attorneys and public interest/*pro bono* legal firms in Austin, and I contacted a public interest/*pro bono* firm outside of Austin but in Texas. As to all of them, the case did not fall within their goals, the firms had no expertise in first amendment work, or for other reasons was not inappropriate [sic] for their firm.
>
> 5.        Outside of Austin and Texas, one or more other public interest/*pro bono* firms (like MSLF) were interested in taking this case and did have first amendment expertise. However, these firms were outside of Austin and Texas and were located in larger, more expensive markets than Colorado.

Dkt. No. 120-2 at 2.  Serafine's declaration further demonstrates that the hourly rates charged by the MSLF lawyers were actually lower than prevailing rates in Austin.  This evidence adequately explains the need for out-of-state counsel, and Defendants fail to show otherwise.  Finally, even if the Court were to accept the Defendants' argument, their contention that the time spent on conference calls would not be compensable fails.  As Serafine points out, even if the attorneys were located in Austin, those conversations would still have taken place.   Accordingly, the Court will recommend that all of the expenses requested by MSLF be awarded.

8

### 3.   Inadequate Documentation of MSLF's Fees

Serafine seeks $30,000.00 (120 hours x $250 hourly rate) in attorney's fees for the work expended by MSLF in this case. Defendants concede that MSLF's $250.00 hourly rate is reasonable in this case, but argue that their attorney's fees should be reduced for vague and inadequate documentation. Specifically, Defendants complain that the itemization for MSLF's services are not based on contemporaneous time sheets prepared by MSLF's attorneys, but instead were reconstructed by MSLF Vice President and Chief Legal Officer Steven J. Lechner. Defendants further complain that the records are spare and cryptic and fail to show that the hours were reasonable and necessary in this case. Serafine has not responded to these arguments.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expanded and hourly rates." *Hensley* 461 U.S. at 437. Thus, "[t]he party seeking attorneys' fees must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The documentation must be sufficient for the district court to verify that the applicant has met its burden. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995). "In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *Id.* (quoting *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990)). "Thus a district court may reduce the number of hours awarded if the documentation is *vague* or *incomplete*." *Id.* (emphasis in original). *See also*, *Hensley,* 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). "The hours surviving this vetting process are those reasonably expended on the litigation." *Watkins*, 7 F.3d at 457.

Lechner admits in his declaration that he did not base his fee request on contemporaneous time sheets prepared by MSLF attorneys who actually worked on the case, but instead "reconstructed the hours worked by MSLF attorneys by reviewing the filings and documents prepared by MSLF attorneys in this case and by reviewing my emails." Dkt. No. 120-2 at 7. As noted above, courts generally require the fee applicant to produce contemporaneous billing records to adequately document the hours expended on the case. A failure "to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours." *Louisiana Power*, 50 F.3d at 325. In the instant case, MSLF has failed to produce either contemporaneous billing records or "other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *Id.* Accordingly, MSLF's fee award must be reduced. *See e.g., McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir.) ("Charges for excessive, duplicative, or inadequately documented work must be excluded"), *cert. denied*, 132 S.Ct. 589 (2011); *Leroy v. City of Houston (Leroy I)*, 831 F.2d 576, 585-86 (5th Cir. 1987) (finding clear error and abuse of discretion where district court accepted "faulty records" without making reduction), *cert. denied*, 486 U.S. 1008 (1988).

The failure to keep contemporaneous time records is especially derelict in this case since MSLF was aware that it would be seeking attorney's fees in this case if Serafine prevailed. The representation agreement between MSLF and Serafine specifically "provided that if Dr. Serafine prevailed, MSLF would seek to recover its attorney's fees from Defendants." Dkt. No. 120-2 at 7. While MSLF contends that it has reduced its fees by 20 percent for "billing judgment," (Attach. A to Dkt. No. 120-2 at 8), the Court finds that a further 30 percent reduction in MSLF's fee award ($9,000) is appropriate in this case for its failure to keep contemporaneous records of its time. *See Hensley,* 461 U.S. at 438 n. 13 (approving a 30% reduction in hours to compensate for the failure

10

to keep time records and for the inexperience of counsel); *Hopwood v. Texas*, 236 F.3d 256, 279 (5th Cir. 2000) (reducing fee award by 25% based on inadequate time entries, duplicative work product and lack of billing judgment), *cert. denied*, 533 U.S. 929 (2001); *Louisiana Power*, 50 F.3d at 326 (finding that a 10% reduction in attorney's fees for inadequate documentation was appropriate); *Leroy I*, 831 F.2d at 586 n. 16 (finding that a 13% reduction in fees was appropriate for incomplete time records). Accordingly, the Court will recommend that the District Court award Serafine $21,000.00 for MSLF's attorney's fees.

### 4.   Reduction for non-prevailing claims

While Defendants do not dispute that Serafine is the prevailing party in the case, they argue that Serafine's attorney's fees request should be reduced because she only prevailed on two out of her seven seven claims constitutional claims asserted in her Complaint.[2] The Court disagrees.

Defendants are correct that in awarding attorney's fees, "the district court is required to consider not only the product of the hours worked multiplied by the billing rate, but also whether the plaintiff failed on alternative claims and whether the award is excessive in light of the plaintiff's overall level of success." *Romaguera v. Gegenheimer*, 162 F.3d 893, 896 (5th Cir. 1998), *decision clarified on denial of reh'g*, 169 F.3d 223 (5th Cir. 1999). However, "[w]hen the plaintiff raises several claims and those claims involve a common core of facts or related legal theories, the district court need not attempt to divide counsel's hours among the claims. Instead, it should focus on 'the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" *Id.* (quoting *Hensley*, 461 U.S. at 435). The *Hensley* Court reasoned the following:

---

[2]Notably, Defendants did not make this argument in their response to Serafine's original motion for attorney's fees, and only raised this argument after Serafine filed her amended motion requesting an additional $30,000 for MSLF's attorney's fees.

Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley*, 461 U.S. at 435.

Serafine's claims here "involve a common core of facts" and were based on related constitutional legal theories.  Thus, an apportionment of fees between successful and unsuccessful claims is unwarranted.  While Serafine's Complaint originally alleged seven civil rights claims under the First and Fourteenth Amendments to the United States Constitution (political speech, vagueness, overbreadth, prior restraint, commercial speech, equal protection, and right-to-earn-a-living), and she ultimately only prevailed on two of those claims, Serafine's claims all challenged the constitutionality of § 501.003(b) of the Act.  In addition, while Serafine did not succeed on all of her claims, she succeeded on the primary relief requested in her case, that § 501.003(b) was unconstitutional.

Serafine's Complaint reveals that her claims were interrelated and sought the same relief. For example, under the "Nature of the Claims" section of her Complaint, Serafine alleged the following:

This civil rights lawsuit seeks to vindicate Dr. Serafine's right to earn an honest living and to communicate truthfully about her credentials in a political, commercial,

12

and social context.  Those rights have been violated by Defendants' enforcement of licensing laws that unconstitutionally infringe upon Dr. Serafine's political speech, the practice of her profession, her ability to advertise her services, and her ability to describe her education and expertise in any context.

Dkt. No. 1 at 1.  With regard to the specific relief requested, Serafine's Complaint alleges "Dr. Serafine seeks injunctive and declaratory relief against the enforcement of Texas's psychology licensure laws–Texas Occupations Code, Chapter 501, and Texas Administrative Code, Title 22, Part 21." *Id.* at 2.  Thus, while Serafine alleged several different theories of why the enforcement of the Act was unconstitutional, all the claims attacked the constitutionality of the Act and sought the same relief: an entry of judgment declaring that Chapter 501 of the Act is unconstitutional. Serafine received the precise relief requested when the Fifth Circuit held that § 501.003(b)(1) of the Act was unconstitutional as applied to Serafine's campaign speech and that § 501.003(b)(2) was unconstitutionally overbroad.  *Serafine*, 810 F.3d at 370.  Because Serafine's claims in this case involved a common core of facts and related legal theories and she succeeded on the primary relief requested in her case, the Court "need not attempt to divide counsel's hours among the claims." *Hensley*, 461 U.S. at 435.  *See also, Nash v. Chandler*, 848 F.3d 567, 572-3 (5th Cir. 1988) (holding that district court was not required to sever unsuccessful claims from fee award where claims were not distinct and plaintiff succeeded in obtaining the primary relief requested- that the statute was unconstitutional); *Pembroke v. Wood Cnty.*, 1994 WL 57292 at * 4 (5th Cir. Feb. 10, 1994) (reversing district court where district court reduced fee award because plaintiff did not prevail on all claims even though plaintiff's suit succeeded in correcting most of the unconstitutional practices), *cert. denied*, 508 U.S. 973 (1994).

13

5.     **Serafine's own costs and expenses**

Serafine seeks $2,773.04 in expenses she incurred herself.  In their response to the original motion, Defendants objected to the expenses for copying Serafine's own expert report, and for her travel to New Orleans for the oral argument of her appeal.  Dkt. No. 114 at 4-6.  In her amended motion, Serafine has eliminated these expenses.  Dkt. No. 120 at 4.  Defendants' response to the revised expense amount requested in the amended motion is simply to state that they "incorporate and re-urge the arguments and authorities presented in their previous response."  As they did not object in that response to any of Serafine's expenses requested in the amended motion, these expenses are appropriately included in the award.  Accordingly, Serafine should be awarded $2,773.04 in expenses.

## III.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** as **MOOT** Plaintiff's Motion for Attorney's Fees, Costs and Expenses (DKt. No. 110) in light of the filing of the Amended Motion for Attorney's Fees.  The undersigned **FURTHER RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's First Amended Motion for Section 1988 Attorney's Fees, Costs, and Expenses (Dkt. No. 120). Specifically, the undersigned **RECOMMENDS** that the District Court **GRANT** the following in attorney's fees and costs: $21,000.00 in attorney's fees and $11,456.71 in costs to Mountain States Legal Foundation; $12,862.50 in attorney's fees to Bates PLLC; and $2,773.04 in costs to Mary Louise Serafine, and **DENY** all other relief requested.

**IT IS FURTHER ORDERED** that this case be **REMOVED** from the undersigned's docket and **RETURNED** to the docket of the Honorable Lee Yeakel.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of October, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE